**Rose M. HICKS, Appellant,**

**v.**

**WESTERN FUNDING, INC., Appellee.**

**No. 01–90–00479–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1991.

Jerome K. Wade, Houston.
William F. Woods, III, Houston.

Before DUGGAN, O'CONNOR and MIRABAL, JJ.

OPINION ON MOTION FOR
REHEARING

MIRABAL, Justice.

We withdraw our original opinion issued March 21, 1991, substitute the following in its stead, and overrule appellant's motion for rehearing.

This is an appeal from a directed verdict granted in favor of appellee-defendant, Western Funding, Inc., at the close of the case-in-chief of appellant-plaintiff, Rose M. Hicks. We affirm.

█ The sole point of error is that the trial court erred in granting the directed verdict in favor of appellee.

Appellant did not file a statement of facts in this appeal. Appellant requests this Court to review the "evidence" in the transcript, including a motion for summary judgment, to determine whether the trial court erred in rendering the directed verdict in favor of appellee.

Without a statement of facts, appellant cannot show this Court what evidence was presented during the trial. *Rodriguez v. Rubin*, 731 S.W.2d 141, 142 (Tex.App.— Houston [1st Dist.] 1987, writ ref'd n.r.e.). In the absence of a statement of facts, it must be presumed on appeal that the evidence supports the judgment of the trial court. *Lane v. Fair Stores*, 150 Tex. 566, 568–69, 243 S.W.2d 683, 684 (1951).

We overrule appellant's sole point of error.

█ Appellee has filed a request that this Court assess frivolous appeal damages against appellant, as authorized by TEX.R. APP.P. 84. We decline to do so.

█ Even though this Court has been known to grant sanctions for a frivolous appeal based, in part, on the absence of a statement of facts, the absence merely raises an inference and is not conclusive evidence that the appeal was taken for delay or without sufficient cause. *See Rodriguez*, 731 S.W.2d at 143; *see also A.T. Lowry Toyota, Inc. v. Peters*, 727 S.W.2d 307, 309 (Tex.App.—Houston [1st Dist.] 1987, no writ) (Dunn, J., dissenting). In determining whether delay damages are appropriate, this Court must review the record from the advocate's point of view at the time the appeal was taken in order to determine if reasonable grounds existed to believe that the case should be reversed. *Daniel v. Esmaili*, 761 S.W.2d 827, 830 (Tex.App.—Dallas 1988, no writ). Four factors which tend to indicate an appeal was filed for delay and without sufficient cause are: (1) the unexplained absence of a statement of facts; (2) the unexplained failure to file a motion for new trial when it is required to successfully assert factual insufficiency on appeal; (3) a poorly written brief raising no arguable points of error; and (4) the appellant's unexplained failure to appear for oral argument. *Id.* at 831.

The appeal in this case did not delay enforcement of a judgment for appellee; appellant provided an explanation for the failure to file the statement of facts (albeit an untimely one); appellant's attorney prosecuted the appeal in good faith as indicated by the fact the brief, although advancing a novel argument, was properly presented and raised an arguable point of error; and appellant's attorney requested and appeared for oral argument.

We overrule appellee's request for rule 84 damages.

We affirm the judgment.