George W. JAMES, Appellant,

v.

Donald HUDGINS, Debra Hudgins and Sondra James, Appellees.

No. 08–93–00042–CV.

Court of Appeals of Texas, El Paso.

March 9, 1994.

A.J. Pope, Midland, for appellant.

William W. Clifton, Jr., Dick R. Holland, Boldrick, Clifton, Nelson & Holland, John D. Roosa, Allen, Allen & Roosa, Midland, for appellees.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION ON MOTION
## FOR REHEARING

BARAJAS, Justice.

We grant Appellee's motion for rehearing, withdraw our opinion and judgment of January 12, 1994, and substitute the following opinion.

This is an appeal from a judgment on the verdict rendered against Plaintiff–Appellant, George W. James following the jury trial of a wrongful death case. In nine points of error, Appellant attacks the sufficiency of evidence supporting the verdict and judgment and the trial court's refusal to allow the deposition testimony of Appellant's expert to be read to the jury. We affirm the judgment of the trial court.

## I. *SUMMARY OF THE EVIDENCE*

Appellant and Appellee Sondra James were the divorced parents of John James, a minor, and their divorce decree named Sondra as managing conservator of the child. While in the possession of Sondra, the child drowned in an above-ground swimming pool owned by the Hudgins, Appellees, and located at their residence. At the time of the tragic accident, Sondra was house-sitting for the Hudgins.

Appellant then brought this suit asserting various acts of negligence by Appellees, including the failure to remove or raise the ladder to the swimming pool and the failure of the Hudgins to inform Sondra of the dangers involved if such precautions were not taken. During the trial of the case, which began in early October of 1992 and lasted several days, Appellant attempted to introduce the deposition testimony of Dr. Daniel L. Levin, a medical doctor and alleged expert in the field of child drowning and swimming pool safety. Appellees objected to the entirety of this testimony, contending that Dr. Levin had not been qualified as an expert at the deposition, and as such, his opinions as to

the negligence of Appellees were mere speculation. In a hearing outside the presence of the jury, the trial court overruled Appellees' objections as to Dr. Levin's medical qualifications, but sustained the objections as to Dr. Levin's expertise in swimming pool safety. The trial court also admitted into evidence the first two pages of Dr. Levin's curriculum vitae, showing his educational and employment history as a medical doctor. The remainder of the curriculum vitae, showing his qualifications as an expert in swimming pool safety, was excluded from evidence on the hearsay objection of Appellees. Appellees asserted that at the deposition, Appellant failed to lay the proper predicate for the admission of such documents, and as such, the documents did not fall within any of the recognized exceptions to the hearsay rule. Additionally, Appellant did not make any attempt at the deposition to establish the expertise of Dr. Levin regarding swimming pool safety issues. Thus, the deposition testimony regarding the medical aspects of the drowning were allowed to be read for the jury, but the testimony regarding Dr. Levin's opinions as to the negligence of Appellees was excluded.

At the conclusion of the trial, the jury, in an 11–1 verdict, found no negligence on the part of Appellees. The jury also found that Appellant suffered zero damages as a result of the accident. Appellant then filed a motion for judgment n.o.v. and a motion for new trial on October 23, 1992, asserting *inter alia* that the evidence at trial overwhelmingly and conclusively establishes that Appellees were negligent. The trial court rendered a take-nothing judgment on the jury's verdict on that same day.

## II. *DISCUSSION*

In Points of Error Nos. One, Two, and Three, Appellant complains of the trial court's failure to grant the motion for judgment n.o.v. and motion for new trial, asserting that the evidence at trial was legally and factually insufficient to support the jury's verdict. Additionally, in Points of Error Nos. Five, Six, Seven, Eight, and Nine, Appellant asserts that the trial court erred in

not submitting to the jury special issues and definitions regarding negligence per se, recklessness, and gross negligence, and in submitting to the jury the negligence of Sears, Roebuck & Co. and the definition of unavoidable accident. The merit of each of these points of error, by their very nature, depends upon the sufficiency of the evidence adduced at trial.

■ At the outset, we note that it is well established that the Texas Rules of Appellate Procedure place the burden on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d); *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990); *Streeter v. Thompson,* 751 S.W.2d 329, 330 (Tex.App.—Fort Worth 1988, no writ). It is equally well settled that when an appellant complains of the factual or legal sufficiency of the evidence, the appellant's burden to show that the judgment is so erroneous cannot be discharged in the absence of a complete or agreed statement of facts. *Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991). It is undisputed that the record before this Court on appeal contains only a partial statement of facts of the evidence adduced during the trial of the cause and not a complete or agreed statement of facts.

Without a complete or agreed statement of facts and in the absence of Appellant's compliance with TEX.R.APP.P. 53(d)[1] regarding reliance on a partial statement of facts, this Court must presume that the omitted portions of the evidence would support the jury findings and the trial court's judgment. *Schafer,* 813 S.W.2d at 155; *Streeter,* 751 S.W.2d at 330. Accordingly, Appellant's Points of Error Nos. One, Two, Three, Five,

Six, Seven, Eight, and Nine should be overruled.

In Point of Error No. Four, Appellant asserts that the trial court erred and abused its discretion in not admitting the deposition testimony of Dr. Levin on matters concerning swimming pool safety and the ultimate issue of Appellees' negligence in that the testimony was admissible and its exclusion caused irreparable injury to the case. The trial court excluded these portions of Dr. Levin's testimony on the basis that Dr. Levin had not been sufficiently qualified as an expert on such matters. The trial court did allow the portions of Dr. Levin's testimony concerning the medical aspects of the drowning accident to be read to the jury.

■ Rule 702 of the Texas Rules of Civil Evidence dictates if an expert is qualified to testify.[2] The party offering the expert's opinion has the burden of establishing that the expert is qualified, that is, the expert possesses a higher degree of knowledge than an ordinary person or the trier of fact. *ITT Commercial Fin. Corp. v. Riehn,* 796 S.W.2d 248, 250 (Tex.App.—Dallas 1990, no writ). This burden may only be met by showing that the expert is trained in the science of which he or she testifies or has knowledge of the subject matter of the fact in question. *Missouri Pac. R.R. Co. v. Buenrostro,* 853 S.W.2d 66, 77 (Tex.App.—San Antonio 1993, n.w.h.); *Rogers v. Gonzales,* 654 S.W.2d 509, 512 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). [Emphasis added]. There are, however, no definite guidelines for making the determination of whether a witness's education, experience, skill, or training qualify the witness as an expert. This determination is left to the trial court's discretion, and the trial court's decision will not be disturbed absent a clear abuse of this discretion. *ITT*

1. TEX.R.APP.P. 53(d) provides as follows:

 **(d) Partial Statement.** If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

2. Rule 702 reads as follows:

 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

 TEX.R.CIV.EVID. 702.

*Commercial Fin. Corp.*, 796 S.W.2d at 250; *Trailways, Inc. v. Clark*, 794 S.W.2d 479, 483 (Tex.App.—Corpus Christi 1990, writ denied).

■ A careful review of the transcript of the deposition of Dr. Levin reveals that both parties agreed to reserve all objections, except for form of the question and responsiveness of the answer, until trial. Appellant, the party offering the deposition testimony at trial, asked no questions of Dr. Levin with regard to his qualifications as an expert on swimming pool safety issues. Dr. Levin did respond to questions asked by an attorney for Appellees with information about his qualifications as a medical doctor and his experience with treating child drowning and near-drowning victims. The deposition transcript reveals, however, that the attorney for Appellees did not ask Dr. Levin any questions about his qualifications or experience with regard to swimming pool safety issues, and no such information was developed during the deposition.

Appellant contends that the information supplied by Dr. Levin to the attorney for Appellees at the deposition pursuant to the notice to take oral deposition *duces tecum* is sufficient to establish the qualifications of Dr. Levin as an expert in swimming pool safety issues. We disagree. The notice required Dr. Levin to bring to the deposition twelve categories of documents:

1. Each and every document, item, photograph, or other tangible object supplied to you or made available to you for your investigation or inspection as an expert witness in this suit.

2. All maps, logs, depositions, statements, and any other material supplied to you or made available to you for your investigation as an expert witness in this suit.

3. All correspondence supplied to you or made available to you.

4. Each and every book, treatise, periodical, article, and/or pamphlet upon which you may rely or cite as authority for any opinions held or expressed by you pertaining to this lawsuit.

5. All papers, diagrams, drawings, illustrations, tangible objects, slides, photographs, or other documents which contain information relevant to any issue involved in this lawsuit and any preliminary report.

6. All reports, tests, test results, graphs, models, or tangible things prepared or used by you which form the basis, in whole or in part, of your opinion or testimony.

7. All work papers, notes and documents in your file dealing with this lawsuit and any preliminary report.

8. All agreements or contracts between you and Plaintiff or any attorney for Plaintiff regarding your fee as an expert witness in this lawsuit.

9. All of your time sheets, billing statements, or invoices reflecting charges for your services rendered in this lawsuit.

10. All your curriculum vitae and/or resumes.

11. List of all lawsuits in which you have testified as either an expert or fact witness.

12. List of all lawsuits in which you have given deposition testimony as an expert or factual witness.

At the deposition, the attorney for Appellees questioned Dr. Levin as to what he brought to the deposition in response to each of these twelve requests. All of the documents identified by Dr. Levin and brought to the deposition were marked as deposition exhibits and attached to the deposition transcript, but Dr. Levin was not questioned about the content or substance of any of the documents. The attorney for Appellant made no attempt during the deposition to establish the admissibility into evidence at trial of any of these documents.

■ The test for abuse of discretion is not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *citing Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Another way of stating the test is whether the act was arbitrary or

unreasonable. *Id.* at 242, *citing Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970).

■ Appellant had sufficient opportunity, both during the deposition itself and after the deposition but before the trial, to establish the expertise of Dr. Levin in matters of swimming pool safety, but simply failed to take any steps whatsoever to do so. The fact, as Appellant contends, that Appellees took the deposition of Dr. Levin and inquired into his opinions on the negligence of Appellees and related swimming pool safety issues does not preclude Appellees from challenging his expertise in such matters at trial. Given the above, we are of the opinion that the trial court did not abuse its discretion in determining that Appellant failed to meet its burden of establishing that Dr. Levin was qualified as an expert in swimming pool safety issues. Accordingly, we hold that the trial court did not err in excluding those portions of Dr. Levin's deposition testimony not relating to the purely medical aspects of the accident. Appellant's Point of Error No. Four is overruled.

Even if this Court is wrong on all of the above issues, Appellant still cannot prevail on this appeal. In the charge that was submitted to the jury, special issues numbers five and six inquired about the damages suffered by Appellant and the child as a result of the accident. These special issues were not conditionally submitted, and the jury properly answered the questions, finding zero damages in both special issues. In this appeal, Appellant makes no attack upon these jury findings of zero damages.

■ On numerous occasions, the courts of this state have held that a failure to attack a finding of no damages renders asserted error on liability issues harmless. In *Easley v. Castle Manor Nursing Home*, 731 S.W.2d 743, 744 (Tex.App.—Dallas 1987, no writ), the Court stated:

Since appellants failed to properly raise a point of error on the jury's finding of no damages, any error in the verdict on liability issues is harmless. *M.P.I., Inc. v. Dupre*, 596 S.W.2d 251, 255 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.); *Roever v. Delaney*, 589 S.W.2d 180, 182 (Tex.Civ.App.—Fort Worth 1979, no writ); *Wooley v. West*, 575 S.W.2d 659, 660 (Tex. Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *Mitchell v. Chaparral Chrysler Plymouth Sales, Inc.*, 572 S.W.2d 359, 360–61 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.). **Indeed, where findings of 'no damages' by the jury are not made subject to complaint on appeal the judgment is not to be reversed, even where there might exist reversible error in respect to the liability issues.** *M.P.I., Inc.*, 596 S.W.2d at 255. [Emphasis added].

Other cases have reached the same result. *Hancock v. City of San Antonio*, 800 S.W.2d 881, 885 (Tex.App.—San Antonio 1990, writ denied); *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hospital, Inc.*, 789 S.W.2d 688, 694 (Tex.App.—Corpus Christi 1990, writ denied); *Canales v. National Union Fire Ins. Co.*, 763 S.W.2d 20, 22–23 (Tex. App.—Corpus Christi 1988, writ denied); *Lewis v. Isthmian Lines, Inc.*, 425 S.W.2d 893, 894 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). Accordingly, the unchallenged damage findings preclude a recovery Appellant on his cause of action and require an affirmance of the take-nothing judgment.

■ Appellees, by way of a single cross-point, request an award of damages against Appellant. Specifically, Appellees contend that Appellant brought this appeal for delay and without sufficient cause and request an award of damages in an amount not to exceed ten times the total taxable costs. We must now examine the record to determine whether such an award is proper under TEX. R.APP.P. 84.[3]

---

3. Rule 84 reads in pertinent part as follows:
 In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. If there is no amount awarded to the prevailing appellee as money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.

Before an appellate court may assess damages under Rule 84, it must find that: (1) the appeal was taken for delay, and (2) there was no sufficient cause for the appeal. TEX. R.APP.P. 84; *In re Estate of Kidd,* 812 S.W.2d 356, 360 (Tex.App.—Amarillo 1991, writ denied). In making such findings, this Court must review the record from the standpoint of the advocate and determine whether he or she had reasonable grounds to believe the judgment should be reversed. *Id.; Hicks v. Western Funding, Inc.,* 809 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Daniel v. Esmaili,* 761 S.W.2d 827, 830 (Tex.App.—Dallas 1988, no writ).

 The courts of this State have enumerated four factors that tend to indicate an appeal was filed for delay and without sufficient cause. These factors are:

(1) the unexplained absence of a statement of facts;

(2) the unexplained failure to file a motion for new trial when it is required to successfully assert factual insufficiency on appeal;

(3) a poorly written brief raising no arguable points of error; and

(4) the appellant's unexplained failure to appear for oral argument.

*Hicks,* 809 S.W.2d at 788; *Daniel,* 761 S.W.2d at 831. In the instant case, Appellant is challenging the factual sufficiency of evidence supporting the jury's verdict; therefore, a motion for new trial was required before appealing to this Court. The record shows that Appellant did timely file a motion for new trial. Also, Appellant appeared for oral argument before this Court.

 As our original opinion indicated, eight of Appellant's nine points of error are based on the legal or factual sufficiency of the evidence, yet Appellant failed to provide this Court with a complete statement of facts. While this strategy may have doomed the appeal from the start, it is not conclusive evidence that the appeal was taken for delay or without sufficient cause. *See, e.g., Hicks,* 809 S.W.2d at 788. As Justice Lagarde stated in the *Daniel* case:

[W]e emphasize that we do not award delay damages merely for "poor lawyering." Ineptitude in the presentation of an appeal is not an adequate ground for assessment of a frivolous appeal penalty. *A.T. Lowry Toyota, Inc. v. Peters,* 727 S.W.2d 307, 309 (Tex.App.—Houston [1st Dist.] 1987, no writ) (Dunn, J., dissenting). A court should not punish the client simply for the inadequacies of his attorney. However, upon a finding that an appeal was brought for purposes of delay and without sufficient cause, the judiciary cannot allow appellees to be injured, without compensation, by unscrupulous appellants who appeal merely to delay the satisfaction of the judgment.

*Daniel,* 761 S.W.2d at 831. Finally, we note that the Appellant in the instant case gains nothing by delaying execution of a take-nothing judgment, and Appellee suffers nothing beyond the normal expense of defending its success at trial. We find that this, too, is a factor we may properly consider.

We have prudently, cautiously, and carefully reviewed the instant case from the point of view of the advocate and cannot conclude that Appellant had no reasonable grounds to believe the judgment should be reversed. Accordingly, Appellees' Cross Point is overruled.

Having overruled each of Appellant's points of error, as well as Appellees' cross point, the judgment of the trial court is hereby affirmed.