In the Interest of S.R.M., a Child.

No. 01–90–00781–CV.

Court of Appeals of Texas,
Hous. [1 Dist.], 1994.

Nov. 23, 1994.

Bobbi Blackwell, Houston, for appellant.

Dan Morales, Will Pryor, Ellen A. Abbott, Todd L. Adamson, Austin, for appellees.

Before ANDELL, DUGGAN and HUTSON–DUNN, JJ.

## OPINION

ANDELL, Justice.

Appellant, Jim Sullivan, appeals from a paternity finding and order to pay child support. In adopting a master's recommendations, the trial court found that appellant was the father of S.R.M., a minor child in whose interest the State brought this suit. In two points of error, appellant claims that there is no evidence to support the court's finding of paternity, and that the trial court erred in admitting unverified blood test results to establish paternity. We affirm.

In the trial on the merits, the master found that appellant was S.R.M.'s father. Appellant filed a notice of appeal to the trial court, and a hearing was set for July 3, 1990. The trial court adopted the master's recommendations on that date. Appellant has not brought a statement of facts from the appeal to the trial court. Indeed, it is not clear from the record that appellant appeared for that hearing. Appellant now appeals from the trial court's adoption of the master's report.

Appellant's statement of facts from the trial before the master consists of a transcription of tape recorded testimony. Although it is only 21 pages long, it contains nearly 40 gaps in either testimony or questioning, indicating that those portions of the tape were inaudible. Subsequent examination of the tape by this Court brought only limited success in further clarifying the record.

■ In his first point of error, appellant claims that there was no admissible evidence to justify the court's finding of paternity. When asserting a "no evidence" point, appellant has the responsibility to bring forward a complete statement of facts. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990); *Tapiador v. North Am. Lloyds*, 772 S.W.2d 954, 955 (Tex.App.—Houston [1st Dist.] 1989, no writ). Without a complete statement of facts, appellant cannot bring forth a "no evidence" point. *Christiansen*, 782 S.W.2d at 843; *Tapiador*, 772 S.W.2d at 955.

■ In this case, the statement of facts, though incomplete, contained the clear testimony of S.R.M.'s mother stating that appellant was, in fact, S.R.M.'s father. This testimony alone was sufficient to support the court's finding of paternity.

We overrule appellant's first point of error.

■ In his second point of error, appellant contends that the trial court erred in admitting and using, over objection, unverified

blood test results to establish paternity. As noted, appellant has not brought forth any statement of facts from his appeal to the trial court. Nothing in the record shows that the trial court relied on the blood test report when it adopted the master's recommended finding that appellant was the father of S.R.M. The trial court could have based its findings solely on the mother's testimony. Appellant has not met his burden to present a sufficient record to show error requiring reversal. TEX.R.APP.P. 50(d). Appellant has waived this complaint.

We overrule appellant's second point of error.

By cross-point, the State requests sanctions for a frivolous appeal taken solely for delay and without sufficient cause.

 Under TEX.R.APP.P. 84, where a court of appeals determines that an appellant has taken an appeal for delay and without sufficient cause, the court may award the prevailing appellee an amount not to exceed 10 times the total taxable costs as damages. A court of appeals will not impose sanctions for a frivolous appeal unless the record clearly shows that appellant had no reasonable expectation of success on appeal and has not pursued the appeal in good faith. *McGuire v. Post Oak Lane Townhome Owners Ass'n,* 794 S.W.2d 66, 68 (Tex.App.—Houston [1st Dist.] 1990, writ denied). This Court must review the record from the advocate's point of view at the time the appeal was taken in order to determine if appellant had reasonable grounds to believe that the case should be reversed. *Hicks v. Western Funding, Inc.,* 809 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Four factors that tend to indicate an appeal was filed for delay and without sufficient cause are: (1) the unexplained absence of a statement of facts; (2) the unexplained failure to file a motion for a new trial when it is required to successfully assert factual sufficiency on appeal; (3) a poorly written brief raising no arguable points of error; and (4) the appellant's unexplained failure to appear at oral argument. *Id.*

Here, appellant did file a statement of facts, albeit an incomplete and untimely one. Appellant filed a motion for a new trial be-fore the master that was denied by the trial court. Finally, appellant's brief raised an arguable point of error despite the fact that it was ultimately waived because of an insufficient record. In conclusion, although appellant's appeal is far from ideal, it does not justify the imposition of sanctions under rule 84.

Appellee's cross-point is overruled.

We affirm the judgment of the trial court.