TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00420-CV







Adolphus Bracy, Jr., Appellant



v.



Mildred Tarver, Eddie Gildon, Nancy Pyle, Clifford Manor, Wendell Manor, 


Anita Garza, Arrow Exploration Company and Mary Margaret Tarver, Appellees






FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT


NO. 10,369-A, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING







PER CURIAM



 Appellees Mildred Tarver, Eddie Gildon, Nancy Pyle, Clifford Manor, Wendell
Manor, Anita Garza, Mary Margaret Tarver, and Arrow Exploration Company move this Court
to dismiss this cause of action because the appealed-from order is not final and because the
application for writ of error is inappropriate. Additionally, appellees move us to assess sanctions
under Texas Rule of Appellate Procedure 84 because they claim appellant Bracy, Jr. (1) filed a
frivolous appeal. We will grant appellees' motion to dismiss on the ground that this is an
interlocutory appeal over which we have no jurisdiction but will overrule the motion for sanctions.

 The cause Bracy, Jr. appeals, number 10,369-A, was severed from cause number
10,369. Plaintiffs in the severed cause were Mildred Tarver, Eddie Gildon, Nancy Pyle, Clifford
Manor, Wendell Manor, Anita Garza, Mary Margaret Tarver, and Arrow Exploration Company. 
Defendants were Adolphus Bracy, Jr. and Esther Crawford. The plaintiffs sued for a declaratory
judgment, injunctive relief, and damages. Bracy, Jr. and Crawford counterclaimed against
Mildred Tarver, Eddie Gildon, Nancy Pyle, Clifford Manor, Wendell Manor, and Anita Garza,
alleging breach of contract. The plaintiffs moved for a partial summary judgment on their claims
against Bracy, Jr.

 The appealed-from order granted plaintiffs' motion for partial summary judgment. 
In the order, the trial court granted attorney's fees to the plaintiffs but expressly reserved the
determination of the amount of fees for a later time. Also, the order did not address plaintiffs'
claims against co-defendant Esther Crawford.

 With limited exceptions, this Court has jurisdiction only over an appeal from a final
judgment. Teer v. Duddlesten, 664 S.W.2d 702, 703 (Tex. 1984). A final judgment is one that
disposes of all issues and parties. Id. In this case, both outstanding issues and parties remain. 
Therefore, we have no jurisdiction over the cause.

 Appellees claim that the appeal is frivolous and ask that sanctions be assessed
against appellant under Texas Rule of Appellate Procedure 84. This Court may assess rule 84
damages only if we determine that the appellant had no reasonable grounds to believe judgment
should be reversed and that the appeal was taken for purposes of delay. James v. Hudgins, 876
S.W.2d 418, 424 (Tex. App.--El Paso 1994, writ denied). Rule 84 sanctions should be assessed
prudently, cautiously, and only after careful deliberation. Masterson v. Hogue, 842 S.W.2d 696,
698-99 (Tex. App.--Tyler 1989, no writ).

 Appellees state, rightly, that Bracy, Jr. could have had no reasonable expectation
that an order granting partial summary judgment could be reversed on appeal. Teer, 664 S.W.2d
702 at 703. Further, although in Bracy, Jr.'s application for writ of error he claimed not to have
participated in hearing below, (2) the record shows that he participated through counsel from the
beginning and to the rendition of the order from which he appeals: he filed counterclaims, answers
to interrogatories, and responded to the motion for partial summary judgment. His attorney
withdrew only after the appealed-from order was rendered. (3) Finally, appellees claim that it is
apparent that the appeal was taken for the purpose of delay because Bracy, Jr. has not acted on
his counterclaims since rendition of the order granting the partial summary judgment. 

 However, "[w]hile the litigation was misguided, we do not conclude it was pursued
purely for the purpose of delay." Cherry v. Altman, 872 S.W.2d 46, 48 (Tex. App.--Fort Worth
1994, writ denied) (refusing to assess sanctions when appellate brought bill of review to
collaterally attack judgment). Bracy, Jr.'s failure to proceed in the trial court below could have
been due to his mistaken notion that the order he seeks to appeal was final; also, we note without
deciding the issue that it is unclear whether the order rendered impliedly disposed of the
counterclaims. See Walker v. Sharpe, 807 S.W.2d 442, 445 (Tex. App.--Corpus Christi 1991, no
writ). Further, there is no evidence that the delay caused by taking the appeal was in bad faith. 
We decline to assess sanctions under rule 84.

 We grant appellees' motion as to dismissal of the appeal, overrule their motion as
to the request for sanctions and dismiss the appeal for want of jurisdiction.


Before Justices Powers, Kidd and B. A. Smith

Appeal Dismissed for Want of Jurisdiction on Appellees' Motion

Filed: September 13, 1995

Do Not Publish
1.   Bracy filed documents indicating that he believes that appellants are himself, Adolphus
Bracy, Sr., and Esther Crawford. He is mistaken. An appellant must have been adversely
affected by the judgment appealed from and must file an appeal bond or a substitute therefor. 
See Jackson v. Fontaine's Clinics, Inc., 499 S.W.2d 87, 92 (Tex. 1973). Only Bracy, Jr. was
adversely affected by the judgment that he seeks to appeal; claims against Esther Crawford
were not adjudicated, and Adolphus Bracy, Sr. is not a defendant in the severed cause from
which Bracy, Jr. appeals. Finally, only Bracy, Jr. filed a perfecting instrument, his affidavit
of inability to pay the costs of appeal. 
2. A writ of error can be brought only by a party who did not participate at trial. See
Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985). 
3. Bracy claims that he did not participate in the trial below because his attorney withdrew
after rendition but before entry of the order.