**AMERICAN PAGING OF TEXAS, INC., Appellant,**

v.

**EL PASO PAGING, INC., Appellee.**

No. 08–98–00263–CV.

Court of Appeals of Texas, El Paso.

Oct. 28, 1999.

Rehearing Overruled Jan. 26, 2000.

Lawrence M. Jordan, Patrick A. Groves, Studdard & Melby, El Paso, for Appellant.

Mark T. Davis, El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## *O P I N I O N*

ANN CRAWFORD McCLURE, Justice.

This is an appeal from a post-answer default judgment entered against American Paging of Texas, Incorporated (American). The sole issue presented is whether the trial court properly overruled American's motion for new trial. Because the record shows that American received proper notice of trial, and because American has failed to produce a reporter's record, we will affirm.

## SUMMARY OF THE EVIDENCE

Appellee, El Paso Paging, Incorporated, (El Paso) sued American Paging for breach of contract on November 22, 1995.

American timely filed an answer denying liability. On January 27, 1998, counsel for El Paso notified counsel for American by letter sent via facsimile that trial was set for May 7, 1998. On May 7, 1998, American and its attorney failed to appear for trial. After an evidentiary hearing, duly recorded by the court reporter, the trial court granted a default judgment. El Paso was granted judgment for $41,850 in actual damages, $17,750 in attorney's fees, prejudgment and postjudgment interest, and recovery of its $1,000 injunction bond. Part of the award for attorney's fees was for preparation and representation at a court-ordered mediation that American and its attorney failed to attend.

On June 4, 1998, American filed its amended motion for new trial. The trial court conducted an evidentiary hearing, which was also recorded by the court reporter. American's motion for new trial was overruled by operation of law. *See* Tex.R.Civ.P. 329b(c). On August 5, 1998, American filed its notice of appeal. No arrangements were made by American to obtain a reporter's record such that our review is limited to the clerk's record.

## VALIDITY OF DEFAULT JUDGMENT

■ In its sole issue for review, American attacks the trial court's denial of its motion for new trial. The trial court's decision is subject to review for abuse of discretion. *Cliff v. Huggins,* 724 S.W.2d 778, 778 (Tex.1987); *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). We therefore review the record to determine if, based on the facts before it, the trial court abused its discretion in overruling American's motion. For the reasons set out below, we conclude that it did not.

■ The standard for setting aside a post-answer default judgment is found in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). *See Director, State Employees Workers' Compensation Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994)(prerequisites for setting

aside a no-answer default judgment apply to post-answer default judgments); *accord Cliff*, 724 S.W.2d at 779. The defendant must show that his failure to appear at trial (1) was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; (2) provided that the motion for new trial sets up a meritorious defense; and (3) provided it is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock*, 133 S.W.2d at 126. If the defendant proves the *Craddock* elements, failure of the trial court to grant a new trial constitutes an abuse of discretion. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994); *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992).

▮ American contends that it conclusively established that its failure to appear at the trial was not intentional or due to conscious indifference, that it had a meritorious defense and that granting the motion would occasion no delay or otherwise injure El Paso. American first argues that it had no notice of the trial; however, in its supplemental brief, it concedes that at the hearing on the motion for new trial, El Paso "put on evidence that notice of the trial setting was sent by facsimile." Admission of evidence showing a telephonic document transfer to the recipient's current telecopier number gives rise to a presumption that notice was duly received by the addressee. *Cf. Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex.1994)(construing Tex. R.Civ.P. 21a); *accord Cliff*, 724 S.W.2d at 780. In the absence of any proof to the contrary, the presumption has the force of a rule of law. *Thomas*, 889 S.W.2d at 238. American offers this Court no proof of non-receipt, nor does it appear that it offered any such proof to the trial court. We thus presume that it received notice.

▮ American asserts that although there was evidence that notice was sent by facsimile, El Paso has not controverted their contention that failure to appear at trial was not intentional or due to conscious indifference. We cannot review the merits of this contention in the absence of a reporter's record. The complaining party has the burden to bring forth a record to support its contention. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987); *see also* Tex.R.App.P. 34.6(b)(1) and 35.3(b). Absent a record showing an abuse of discretion, we must presume that the evidence before the trial court was adequate to support its decision. *Simon*, 739 S.W.2d at 795. American's issue for review is overruled.

## SANCTIONS

El Paso requests that we impose sanctions against American for bringing a frivolous appeal. *See* Tex.R.App.P. 45.[1] El Paso contends that the appeal has been for the sole purpose of delay and lacks merit. It also contends that American's brief contains certain material misrepresentations of fact. We agree.

▮ If the court of appeals determines that an appeal is frivolous, it may award each prevailing party just damages. *See* Tex.R.App.P. 45. Appellate sanctions will be imposed only if the record clearly shows the appellant has no reasonable expectation of reversal, and the appellant has not pursued the appeal in good faith. *See City of Houston v. Morua*, 982 S.W.2d 126, 131 (Tex.App.—Houston [1st Dist.] 1998, no writ)(relying on case law interpreting former Tex.R.App.P. 84 to construe new Rule 45). In deciding whether to impose sanctions under Rule 45, we look at the record from the viewpoint of the advocate and determine whether it had reasonable grounds to believe the judgment should be

---

1. Tex.R.App.P. 45 states: If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

reversed. *James v. Hudgins*, 876 S.W.2d 418, 424 (Tex.App.—El Paso 1994, writ denied). The courts of appeal have recited four factors which tend to indicate that an appeal is frivolous: (1) the unexplained absence of a statement of facts; (2) the unexplained failure to file a motion for new trial when it is required to successfully assert factual sufficiency on appeal; (3) a poorly written brief raising no arguable points of error; and (4) the appellant's unexplained failure to appear at oral argument. *See In the Interest of S.R.M.*, 888 S.W.2d 267, 269 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Baw v. Baw*, 949 S.W.2d 764, 768 (Tex.App.—Dallas 1997, no writ); *James*, 876 S.W.2d at 424. Thus, we review the record to determine whether American's appeal was frivolous.

▮ We have already noted that American has failed to file a reporter's record which is necessary to a review of its contention on appeal. It complained that the trial court abused its discretion, yet did not submit a reporter's record showing whether the evidence supported the decision of the trial court. From this, we infer that the appeal lacked merit and was not pursued in good faith. *See Rodriguez v. Rubin*, 731 S.W.2d 141, 143 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.)(holding failure to file statement of facts raises logical inference that the appeal was taken for delay and lacked merit).

The papers filed in this Court reveal an unexplained pattern of neglect and delay by American concerning the prosecution of its appeal. On September 2, 1998, the court reporter, Rhonda McCay, filed an affidavit for extension of time to file the reporter's record. In her affidavit, she stated that she delivered a copy of the record from the default hearing to counsel for American. She did not know whether counsel intended to file the record himself, or whether he intended to designate a record with the appropriate statement of costs attached thereto. There was also a record from the hearing on the motion for new trial which had not been prepared,

nor requested by counsel. McCay telephoned counsel's office twice and sent a letter, by both facsimile and mail, asking counsel what his intentions were concerning the reporter's record. She received no response. Next, the record reflects that we requested that American advise the Court whether it intended to file a reporter's record. If the Court received no response by September 14, 1998, then the appeal would be submitted on the clerk's record. No response was received. On September 16, we notified American's counsel that the affidavit for extension of time was denied, and that the appeal was to be submitted on the clerk's record. From this evidence we find that American was fully aware of the status of the record on appeal. We also infer that American has not pursued this appeal or its correspondences with the requisite diligence.

We now confront the issue of certain omissions of material fact by American in its brief. The Texas Disciplinary Rules of Professional Conduct impose upon counsel the duty of candor toward the Court. *See* TEX. DISCIPLINARY R.PROF'L CONDUCT 3.03(a)(1). Rule 3.03(a)(1) states that "[a] lawyer shall not knowingly make a false statement of material fact or law to a tribunal." The official comments to the rule explain that "[t]here are circumstances where failure to make a disclosure [of material fact] is the equivalent of an affirmative misrepresentation." *See id.* at cmt.2. El Paso contends that American sought to obtain an advantage by knowingly misrepresenting the record. In particular, El Paso argues that American failed to disclose that there had been an evidentiary hearing on American's motion for new trial, and that El Paso had introduced evidence demonstrating that notice of the trial setting for May 7, 1998 was sent by facsimile.

The clear import of American's brief summarizes the facts on appeal as: (1) a default judgment was entered against American; (2) American filed a verified motion for new trial asserting it did not

receive proper notice pursuant to TEX. R.CIV.P.21a;[2] (3) El Paso neither responded to nor controverted American's motion; and (4) the motion for new trial was overruled by operation of law. Under this version of the facts, the trial court arguably abused its discretion. *See e.g., Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 391 (Tex.1993)(holding where defendant does not have actual notice of the trial setting, failure to appear is not intentional). This version of the facts is far from accurate.

After protest by counsel for El Paso, counsel for American submitted a two-page letter as a supplement to its original brief in which it maintained that its brief was accurate, and explained that the references to El Paso's failure to respond to or controvert its motion for new trial referred only to the fact that El Paso had not filed a response to the motion for new trial. However, this interpretation is not obvious from the plain language of the brief. Next, American admitted that a hearing was held on its motion for new trial, and it conceded that El Paso tendered evidence of proper notice. To date, American has not explained why it submitted a brief that omitted these crucial facts.

Thus, the record reveals that American had a copy of the transcript of the default hearing; knew that a copy of the record from the new trial hearing could be prepared by the court reporter; knew that the clerk's record contained a copy of its motion for new trial wherein it swore that it received no notice; and failed to disclose the facts about the new trial hearing and the evidence produced therein when it knew that this appeal was going forward on the clerk's record alone.

After careful deliberation, we find that American's appeal was groundless and pursued in bad faith. Appellant has made no effort to present this matter to the court for informed decision, much less in a fashion that supports reversal. We further note that American has failed to respond in any manner whatsoever to El Paso's request for sanctions. The failure to respond to a request for sanctions is a factor we may consider in deciding whether to impose damages under Rule 45. *See e.g., Bradt v. West,* 892 S.W.2d 56, 79 (Tex.App.—Houston [1st Dist.] 1994, writ denied)(construing [former] Rule 84). We conclude that American has no meritorious response.

El Paso suggests that we impose a penalty equal to 50 percent of the actual damages awarded by the trial court ($20,925), plus postjudgment simple interest at the rate of 10 percent per annum, exclusive of attorney's fees and interest previously awarded by the trial court. El Paso also requests that we tax the court costs of this appeal against American. Having heard no objection from American, we find that a 50 percent penalty ($20,925), together with court costs, will adequately compensate El Paso for the damages it has incurred in defending this appeal, and it will sufficiently penalize American for bringing a frivolous appeal. We therefore affirm the judgment of the trial court and enter sanctions.

2. The motion for new trial has attached to it an excerpt from the default judgment hearing. That excerpt contains the response of El Paso's counsel to an inquiry by the trial court concerning proper notice. El Paso's counsel responded: "I have had direct, personal contact with Studdard & Melby through ... both David Curl and Larry Jordan about the hearing today. I don't think the court directly notified, if my memory is correct. I know that my office notified them once we got notice of the hearing today. I had discussed this setting personally with Larry Jordan that it was set today." From this excerpt, American argued improper notice under Rule 21a. The record is clear, however, that at the new trial hearing, evidence was introduced showing that notice was sent by facsimile.