COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 DARRELL
 HODNETT,
  
                             Appellant,
  
 v.
  
 AMERIND OIL
 COMPANY, LTD. AND JAMES E. YELEY D/B/A YELEY OPERATING,
  
                             Appellees.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00400-CV
  
 Appeal from the
  
 118th District Court
  
 of Martin County, Texas
  
 (TC#5463)
 
 




 

MEMORANDUM
OPINION

Darrell Hodnett appeals from a take
nothing judgment rendered against him and in favor of Amerind Oil Company, Ltd.
and James E. Yeley, doing business as Yeley Operating.  We affirm.

Factual and Procedural Background








Amerind hired Weatherford
International to install a new pump on one of Amerind=s oil wells.  Hodnett was an employee of Weatherford
International.   Weatherford sent Hodnett
to complete the installation.  Yeley was
an independent contractor who acted as a drilling and production superintendent
for Amerind.  On the day that Hodnett
installed the pump, a safety platform was at the site so Hodnett would have a
safe place to stand while he worked.  But
Yeley had the safety platform removed before Hodnett arrived.  To install the pump, Hodnett climbed up a
horizontal pipe and stood on a valve. 
Yeley assisted Hodnett by handing him tools.  On the first try, the pump got stuck.  To dislodge the pump, Hodnett again stood on
the valve.  When the pump became
dislodged, a mixture of oil and water oozed out of the valve.  Hodnett lost his balance, slipped, and fell.

Hodnett sued Yeley and Amerind,
alleging that they negligently failed to provide him with a safe place to work
because they failed to provide a safety platform, to warn that a safety
platform would not be provided, and to keep another crew at the location to
assist him.  Hodnett requested that an
ordinary negligence question be submitted to the jury.  The trial court denied this request, and
submitted the following question instead: 

Did the negligence, if any, of [Yeley or Hodnett]
proximately cause the occurrence in question?

With respect to the condition of the premises, James
E. Yeley was negligent if--

 

a.         James
E. Yeley exercised or retained some control over the manner in which the work
was performed by Darrell Hodnett, other than the right to order the work to
start or stop or to inspect progress or receive reports; and

b.         The
condition posed an unreasonable risk of harm; and

c.         James
E. Yeley had actual knowledge of the danger; and

d.         James
E. Yeley failed to exercise ordinary care to protect Darrell Hodnett from the
danger, by both failing to adequately warn Darrell Hodnett of the condition and
failing to make that condition reasonably safe.

 








The jury answered ANo@ as to Yeley=s negligence and AYes@ as to Hodnett=s negligence.   The charge also asked the jury whether Yeley
was acting as Amerind=s employee at the time of the accident.  The jury answered ANo@ to this question.  Finally, the charge asked the jury what sum
of money would compensate Hodnett Afor his injuries, if any, that
resulted from the occurrence in question.@ 
The jury answered A0@ to this question.

Discussion

In his sole point of error, Hodnett
argues that the trial court erred by submitting a premises liability question
instead of an ordinary negligence question. 
Assuming without deciding that the trial court erred, we conclude that
the error was harmless.

It is well settled that submission of
an improper jury question is harmless if the jury=s answer to another question is
sufficient to support the judgment.  See
City of Brownsville v. Alvarado, 897 S.W.2d 750, 752 (Tex. 1995); Boatland
of Houston, Inc. v. Bailey, 609 S.W.2d 743, 750 (Tex. 1980).  An exception exists when the improper
question may have confused or misled the jury. 
Alvarado, 897 S.W.2d at 752; Bailey, 609 S.W.2d at
750.  To determine whether a particular
question could have confused or misled the jury, we consider its probable
effect on the minds of the jury in light of the charge as a whole.  Alvarado, 897 S.W.2d at 752.








In this case, the jury=s unchallenged finding of no damages
is sufficient to support the take nothing judgment.  Therefore, the wording of the negligence
question was harmless unless it would have confused or misled the jury.  Hodnett has not demonstrated, and our review
of the record fails to disclose, how the purportedly erroneous wording of the
negligence question would have confused or misled the jury regarding the
damages question.  See Bailey, 609
S.W.2d at 750 (holding, in a defective product case, that purportedly improper
submission of defensive issues would not have confused or misled the jury
because focus of defensive issues was different from focus of issue regarding
whether the product was defective); see also James v. Hudgins, 876
S.W.2d 418, 423 (Tex. App.--El Paso 1994, writ denied) (holding that the
failure to mount an appellate attack on a finding of no damages renders
asserted error on liability issues harmless); Canales v. National Union Fire
Ins. Co., 763 S.W.2d 20, 23 (Tex. App. --Corpus Christi 1988, writ denied)
(stating the general rule that Aerror in the submission of or the submitted charge relating
to liability [is] rendered harmless by a zero damage finding@); Wooley v. West, 575 S.W.2d
659, 660 (Tex. Civ. App.--Fort Worth 1978, writ ref=d n.r.e.) (holding that trial court=s purportedly erroneous refusal to
instruct the jury on res ipsa loquitur was harmless because the appellant
failed to attack the jury=s finding of no damages).

Conclusion

For the reasons stated herein, we
conclude that any error in the charge related to negligence was rendered
harmless by the jury=s unassailed finding of no damages.  








Accordingly, Hodnett=s sole point of error is overruled,
and the judgment of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

November 13, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.