ACCEPTED
03-14-00671-CV
4960826
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/20/2015 5:20:51 PM
JEFFREY D. KYLE
CLERK

# NO. 03-14-00671-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/20/2015 5:20:51 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**STEPHEN M. DANIELS,**
**Appellant,**

**v.**

**TONY R. BERTOLINO,**
**Appellee.**

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14-002146

**APPELLANT'S RESPONSE TO APPELLEE'S MOTION FOR SANCTIONS AGAINST ELEANOR RUFFNER AND STEPHEN M. DANIELS**

Eleanor Ruffner
State Bar No. 24047034
THE LAW OFFICE OF ELEANOR RUFFNER, P.C.
1403 West Sixth Street
Austin, Texas 78703
(512) 913-7576 (telephone)
(512) 681-0800 (facsimile)
eruffnerlaw@gmail.com

COUNSEL FOR APPELLANT

TO THE HONORABLE THIRD COURT OF APPEALS IN AUSTIN, TEXAS:

Appellant Stephen M. Daniels ("Appellant") files this Response to Appellee's Motion for Sanctions against Eleanor Ruffner and Stephen M. Daniels (the "Motion") and in support thereof would respectfully show the following:

## I.     INTRODUCTION

1.     This Motion arises out of an appeal of a summary judgment dismissing Appellant's claims against Appellee, Tony Bertolino ("Appellee").  As set forth more fully below, the Motion is without merit. [1]  First, the appeal is not frivolous or made in bad faith or for the purposes of delay.  Moreover, no case law supports sanctions absent circumstances more egregious than these.  Additionally, Appellee complains that Appellant did not include non-evidentiary hearing transcripts (which he acknowledges "may not be essential to the merits of assessing the challenged judgment") but failed to comply with the rules of procedure requiring him to obtain and include them in the record himself.  Finally, although Appellee seeks to recover attorney fees, he attaches no evidentiary support.  Appellee therefore requests that the Court deny the Motion and proceed with determining this appeal on the merits.

---

[1] In the interests of efficiency and in recognition of the value of the Court's time, this Response focuses primarily on just those issues that are sufficient to defeat the Motion, rather than addressing each minor alleged infraction identified by Appellee.

## A.   APPELLANT'S APPEAL IS NOT FRIVOLOUS.

2.      Because Appellant's Brief shows the facts and the law that justify reversal of the lower court's order, this appeal is not frivolous.  "To determine whether an appeal is objectively frivolous, we review the record *from the viewpoint of the advocate* and decide whether the advocate had reasonable grounds to believe the case *could be* reversed."  *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist] 2011, pet. denied) (emphasis added); *see also Smith v. Brown*, 512 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). "Rule 45 damages will not be imposed unless the record, viewed from the appellant's point of view at the time the appeal was taken, clearly shows that the appeal was brought *only* for delay and that the appellant had *no reasonable expectation of reversal*."  *Hawkins v. Walker*, 233 S.W.3d 380, 402 (Tex. App.—Fort Worth 2007, pet. denied) (emphasis added).

3.      This Court has identified circumstances tending to indicate that an appeal is frivolous:

> (1)     An unexplained absence of a statement of facts in the appellant's brief;
>
> (2)     An unexplained failure to file a motion for new trial when it is required to successfully assert factual insufficiency on appeal;

(3)    A poorly written brief raising no arguable points of error; or

(4)    The appellant's unexplained failure to appear at oral argument.

*Norton v. Deer Creek Prop. Owners Ass'n*, No. 03-09-00422-CV, 2010 Tex. App. LEXIS 5895 *28 (Tex. App.—Austin July 22, 2010, no pet.) (citing *Faddoul v. Oaxaca*, 52 S.W.3d 209, 213 (Tex. App.—El Paso 2001, no pet.) *and In re S.R.M.*, 888 S.W.2d 267, 269 (Tex. App.—Houston [1ˢᵗ Dist.] 1994, no writ)). None of those circumstances are present here.

4.    Appellee seems to contend that the third factor is at issue. However, Appellee may disagree with Appellant's application of the law to the facts, but disagreement among adversaries or even a losing appeal does not render the proceedings frivolous. "If an appellant's argument on appeal fails to convince the court, but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate." *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 676 (Tex. App.—Houston [14ᵗʰ Dist.] 2002, no pet.) (citing *General Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991)); *see also Jackson v. Hoffman*, 312 S.W.3d 146, 156 (Tex. App.—Houston [14ᵗʰ Dist.] 2010, no pet.) (disagreeing with the merits of appellant's appeal, but after considering the record and briefs,

determining that the circumstances in that case did not warrant sanction); *Columbia N. Hills Hosp. v. Alvarez*, 382 S.W.3d 619, 631 (Tex. App.—Fort Worth 2012, no pet.) (same); *Xtria L.L.C. v. Int'l Ins. Alliance*, 286 S.W.3d 583, 598-99 (Tex. App.—Texarkana 2009, pet. denied) (same); *Hazlewood v. Lafavers*, 394 S.W.3d 6290, 633 (Tex. App.—El Paso 2012, no pet.) (same); *and London v. London*, 349 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (same).

5.      Appellant is asking this Court to overturn a judgment that is an erroneous "final" judgment and is also asking the court to reconsider the availability of a no-evidence summary judgment motion under the circumstances at issue in this case.  The primary argument, identified as Issue No. 1 in the Appeal, is that Appellant had pled causes of action in the alternative that were not challenged by Appellee's motion for summary judgment and that therefore the judgment signed by the trial court was erroneous.  Without rehashing the issues set out in the parties' briefs, the only contrary evidence in the record is that a subsequent pleading was entitled "Amended" rather than "Supplemental," which is a common-enough occurrence that it has its own Texas Rule of Civil Procedure addressing misnamed pleadings.  TEX. R. CIV. P. 71.  Because the remaining causes of action warrant reversal of the trial court's erroneous final judgment, this appeal is objectively not frivolous on this basis alone.

6.       The other two issues relate to the granting of the summary judgment itself.  Appellant did not ignore settled law or fail to cite crucial legal authority.  Rather, Appellant made a legitimate argument for a change in the way courts should consider the requirement that no-evidence summary judgment motions be brought after an adequate time for discovery has passed.  As another court has acknowledged, "The only way existing law may be changed is through such appeals. . . . An appeal such as this one, in which the party seeks in good faith to change existing law and there is no evidence that the appeal was taken for delay, is not an appeal brought 'without sufficient cause.'" *Guzman v. Guzman*, 827 S.W.2d 445, 448 (Tex. App.—Corpus Christi 1992, writ denied).  This understanding of frivolity is consistent with TEX. R. CIV. P. 13, which specifically exempts "good faith argument for the extension, modification, or reversal of existing law."  This was not a case in which Appellant turned a blind eye; rather, Appellant is inviting the Court to more closely scrutinize the practice that has arisen around the no-evidence motion for summary judgment, which is still relatively new in Texas.

7.       Appellant's arguments represent reasonable arguments for reversal of the lower court from the viewpoint of the advocate.  There is no evidence of truly egregious conduct showing that the appeal is frivolous or in bad faith.  As such, the Motion should be denied.

**B. APPELLEE CITES NO CASE LAW IN SUPPORT OF SANCTIONS IN THESE CIRCUMSTANCES.**

8.     No case law supports imposition of sanctions here.  Whether to grant sanctions is "a matter of discretion that an appellate court exercise with prudence and caution and only after careful deliberation in truly egregious circumstances." *Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist] 2008, no pet.).  Although Appellee cites several cases involving awards of appellate sanctions, none of them involve substantially similar circumstances:

- *Starcrest Trust v. Berry*[2] involved a party that settled the case while it was on appeal but refused to comply with the mediated settlement agreement.

- *Glassman*[3] involved a party that missed deadlines, **subjectively** knew that the basis of her appeal was without merit, and had been previously sanctioned.

- *Compass Exploration v. B-E Drilling Co.*[4] involved an appellant who cited only two cases, one statute, and one rule of civil procedure in its entire appellate brief.

---

[2] 926 S.W.2d 343, 356 (Tex. App.—Austin 1996, no pet.).

[3] 374 S.W.3d at 775-77 and.

[4] 60 S.W.3d 273, 281 (Tex. App.—Waco 2001, no pet.).

- *Njuku v. Middleton*[5] involved litigants attempting to "relitigate issues that were decided years ago" in violation of an injunction against further such lawsuits.

- Likewise, *Mid-Continent Casualty Co. v. Safe Tire Disposal Corp.*[6] involved an appeal of a summary judgment that had been granted on the grounds that a judgment in a prior lawsuit collaterally estopped appellant from relitigating the issues.

- *Am. Paging of Tex., Inc. v. El Paso Paging, Inc.*[7] involved a party that deliberately hid an evidentiary hearing transcript actually in its possession and made material misstatements of fact.

- *Bradt v. West*[8] involved appellants who asserted new causes of action on appeal, sought to overturn summary judgment through incompetent affidavits, and failed to respond to a motion for sanctions.

- *Casteel-Diebolt v. Diebolt*[9] involved an appeal in which appellant failed to include any citations to the record.

---

[5] 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied).

[6] 2 S.W.3d 393, 395-97 (Tex. App.—San Antonio 1999, no pet.).

[7] 9 S.W.3d 237, 241-42 (Tex. App.—El Paso 1999, pet. denied).

[8] 892 S.W.2d 56, 79-81 (Tex. App.—Houston [1st Dist] 1994, writ denied).

[9] 912 S.W.2d 302, 304-05 (Tex. App.—Houston [1st Dist.] 1995, no writ).

- *Tate v. E.I. du Pont de Nemours & Co.*[10] involved a brief with only two substantive pages, without record citations, filed for the purposes of delay.

- *Johnson v. Johnson*[11] involved an attorney who maligned the trial court's intelligence and integrity.

- *Fox v. Wardy*[12] and *I.P. Farms v. Exxon Pipeline Co.*[13] did not involve the imposition of sanctions at all.

9.     Appellee may disagree with the arguments advanced by Appellant, particularly because of the subject matter of the appeal. However, in this case, Appellant has not failed to comply with any agreement, missed deadlines, failed to include record and case citations, sought to relitigate old judgments, hidden evidence, brought new causes of action, or impugned the intelligence or integrity of any court. Appellant acknowledges the possibility that the Court may find itself unpersuaded by one or more of Appellant's arguments. However, not every losing appeal is frivolous, and in fact most are not. Absent truly egregious conduct, sanctions are unwarranted.

---

[10] 954 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

[11] 948 S.W.2d 835, 840-41 (Tex. App.—San Antonio 1997, writ denied).

[12] 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.).

[13] 646 S.W.2d 544, 545 (Tex. App.—Houston [1st Dist.] 1982, no writ).

**C.** **APPELLEE FAILED TO SHOW ANY HARM RELATED TO ANY REPORTER'S RECORD.**

10. The hearings at issue – one on a motion to transfer venue and one on a no-evidence summary judgment – were not evidentiary hearings and therefore consisted of the parties' arguments, which is not evidence. The motion to transfer venue is not being appealed, so the only hearing that seems to be at issue is that on the no-evidence motion for summary judgment. An appellant's failure to provide a reporter's record does not, standing alone, make his appeal frivolous. *Sam Houston Hotel, L.P. v. Mockingbird Rest., Inc.*, 191 S.W.3d 720, 721 (Tex. App—Houston [14th Dist.] 2006, no pet.). Therefore, some additional circumstances must bring the alleged sanctionable conduct to the level of "truly egregious." However, Appellee identifies none, and none exist.

11. Moreover, if Appellee believed that a record existed that would contain evidence to support his position on appeal, the proper approach would have been to secure the record himself; request that it be added as a supplement to the record; and, if successful on appeal, include in his prayer for relief a request that the costs he incurred be taxed against Appellant. *See generally* TEX. R. APP. P. 34.6, *esp.* 34.6(c)(2) *and* (3); *and* 34.6(d). Moreover, because Appellee never designated any portion of testimony from any reporter's record pursuant to Rule 34.6(c)(2) or (d), the appellate court should presume that the record designated by the parties –

namely, none – constitutes the entire record. TEX. R. APP. P. 34.6(c)(4). Unsworn assertions in Appellee's brief cannot overcome this presumption and cannot support sanctions.

12.    Finally, Appellant must bring to the Court's attention Appellee's admission that Appellee failed to timely bring this matter to Appellant's attention and that "the reporter's record for that hearing may not be essential to the merits of assessing the challenged judgment." Motion, pp. 6-7. If the record is not essential to the merits of the challenged judgment, then its inclusion would constitute an "unnecessary addition" to the record, as contemplated by TEX. R. APP. P. 34.6(c)(3). In fact, the discussion to which Appellee alludes in footnote 2 on pp. 6-7 of the Motion confirmed that neither Appellant nor Appellee believed the record to be essential to the merits. As such, any failure to obtain a reporter's record at a non-evidentiary hearing which neither party contends is necessary for determination of the appeal cannot constitute sanctionable conduct.

## D.    APPELLEE FAILED TO PROVE ANY RIGHT TO RECOVERY OF ATTORNEY FEES.

13.    Appellee asserts that he is entitled to $5,000 in attorneys' fees. Even if this Motion had merit, which Appellant denies, Appellee has failed to attach to his Motion an affidavit proving up his claimed fees. *See, e.g., Heldt v. 12811 El Sendero Trust #0415022*, No. 04-04-00615-CV, 2005 Tex. App. LEXIS 8973 *5-*6 (Tex.

App.—San Antonio June 22, 2005, pet. denied) (denying recovery of attorney's fees absent proof by way of affidavit or any other manner and declining to award relief "based on unsworn statements in a brief"); *Mocega v. Urquhart*, No. 01-04-00172-CV, 2005 Tex. App. LEXIS 4485 *11-*12 (Tex. App.—Houston [1ˢᵗ Dist.] June 9, 2005, no pet.) (denying sanctions because although the court was "sympathetic with [Appellee] for the long delay" and the resulting appeals, was "not inclined to award attorney's fees based on unsworn statements in a brief"); *and Walker v. Hardin*, No. 04-03-00864-CV, 2005 Tex. App. LEXIS 2966 *6 (Tex. App.—San Antonio April 20, 2005, no pet.) (denying sanctions when Appellee's attorney did not attach an affidavit or establish proof, in any manner, of his attorney's fees, relying instead on unsworn statements in his brief). As such, Appellee's Motion is insufficient to support the monetary relief he seeks and should therefore be denied.

### PRAYER FOR RELIEF

For the foregoing reasons, Appellant respectfully requests that the Court deny Appellee's Motion and proceed with determining the underlying appeal on its merits.

Dated April 20, 2015.

Respectfully submitted,

THE LAW FIRM OF ELEANOR RUFFNER, P.C.
1403 West Sixth Street
Austin, Texas 78703
Telephone: (512) 913-7576
Facsimile: (512) 681-0800

By: /s/ Eleanor Ruffner
  Eleanor Ruffner
  State Bar No. 24047034
  eruffnerlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Appellate Procedure on Monday, April 20, 2015 as follows:

Tony R. Bertolino
Hiba Kazim
BERTOLINO LLP
823 Congress Avenue, Suite 704
Austin, Texas 78701
Via Email: tbertolino@belolaw.com and hkazim@belolaw.com

*Attorneys for Appellee Tony R. Bertolino*

/s/ Eleanor Ruffner
Eleanor Ruffner