Johnnie Lee CARTER, Appellant,

v.

Araceli H. CARTER, Appellee.

No. 08–05–00185–CV.

Court of Appeals of Texas,
El Paso.

Aug. 24, 2006.

Johnnie Lee Carter, El Paso, pro se.

William B. Mcglashan, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellant Johnnie Lee Carter appears *pro se* and has filed a brief in support of his appeal. In a single issue, he challenges the trial courts denial of his motion to set aside a default judgment of divorce and grant a new trial. We will affirm.

Appellant, acting *pro se*, filed a petition for divorce from his then wife, Araceli H. Carter, in the 65th District Court of El Paso County. Appellee, Araceli H. Carter, filed an answer and counter-petition for divorce. Appellant filed an answer to Appellees counter-petition. Appellant failed to appear at the final hearing in this cause. The final decree of divorce recites that although Appellant previously appeared and was notified of the hearing, he failed to appear and defaulted.

Subsequent to the final hearing, Appellant filed a motion to set aside the default judgment of divorce and grant a new trial alleging he never received notice. Appellant was granted a hearing on his motion. The record before this Court consists of the clerks record only. No reporter's record was requested by Appellant.

### *Standard of Review*

■ A trial courts ruling on a request to set aside a default judgment and grant a new trial is reviewed for an abuse of discretion. *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994), *citing Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex. 1987); *American Paging of Texas, Inc. v. El Paso Paging, Inc.*, 9 S.W.3d 237, 239 (Tex.App.-El Paso 1999, pet. denied). The fact that a trial court might decide a discretionary matter differently than an appellate judge in similar circumstance does not demonstrate that an abuse of discre-

tion has occurred. *El Paso County Hosp. Dist. v. Gilbert*, 64 S.W.3d 200, 204 (Tex. App.-El Paso 2001, pet. denied). However, a trial court does abuse its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). One such abuse of discretion occurs when a party establishes the elements necessary to set aside a default judgment and the trial court fails to grant a new trial. *American Paging of Texas, Inc.*, 9 S.W.3d at 240.

■ In his sole issue, Appellant contends [t]he trial court erred in overruling Appellants motion for a new trial because the Associated (sic) Judge decision was against the great weight and preponderance of the evidence. In Appellants one-page brief under the heading ARGUMENT, he states his claim as:

POINT 1: The evidence does not support the Associate Judges ruling that Plaintiff was served notice of hearings as is required under Texas Rules of Civil Procedure 21a.

Defendants counsel states that his office mailed Plaintiff a notice of hearing via regular mail. TRCP 21a provides that if service is by mail, delivery by regular U.S. mail is not sufficient; it must be certified or registered. *Dunn v. Menassen*, 913 S.W.2d 621, 626.

In his motion, Appellant recited the elements for setting aside a post-answer default judgment alleging in part, that: (1) the failure of Johnnie L. Carter to appear on the trial date was the result of accident and mistake, rather than Johnnie L. Carters intentional or conscious indifference, because Johnnie L. Carter never received notice of the final hearing in this cause; and (2) A new trial in this case will neither occasion delay nor prejudice Respondent.

*See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see also Mathis v. Lockwood,* 166 S.W.3d 743, 744 (Tex.2005)(when first element is established by proof defaulting party was not given notice of trial setting, not required to show a meritorious defense). Attached to Appellants motion was a sworn affidavit stating that he did not receive notice.

 We agree that when a party has answered in a divorce case, they are entitled to notice of trial. *Turner v. Ward,* 910 S.W.2d 500, 505 (Tex.App.-El Paso 1994, no writ). On the other hand, it is presumed that a trial court will hear a case only when notice has been given to the parties. *Id.; see also Knight v. Knight,* 131 S.W.3d 535, 542 (Tex.App.-El Paso 2004, no pet.). Thus, a party challenging a trial courts judgment for lack of notice has the burden of proving there was no notice. *Turner,* 910 S.W.2d at 505; *Knight,* 131 S.W.3d at 542.

On June 3, 2005, the court reporter notified this Court that no designation or satisfactory arrangement had been made for the preparation of the record. After receiving the court reporters notice, this Courts clerk sent a letter to both parties indicating that no designation of record and/or financial arrangements had been made in this cause and if no response was received, this appeal would be considered on the clerks record only. As of the date of this opinion, no response was received from either party. The burden to timely prepare, file, and certify the reporters record lies with the court reporter. TEX. R.APP.P. 35.3(b). However, an appellant must properly request and pay for the record (or make arrangements to pay for the record) before this duty arises. *See* TEX.R.APP.P. 35.3(b)(3); *Utley v. Marathon Oil Co.,* 958 S.W.2d 960, 961 (Tex. App.-Waco 1998, no pet.).

Ultimately, Appellant was responsible for furnishing this Court with a record supporting his issue on appeal. *American Paging of Texas, Inc.,* 9 S.W.3d at 240, *citing Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987). Although the trial court granted Appellant a hearing on his motion to set aside the default judgment of divorce, there is nothing further in the record regarding the hearing or the trial courts ruling. In the absence of a reporters record, we are simply unable to review the merits of Appellants complaint. *Id.* This is because when there is no record showing an abuse of discretion, we must presume the evidence before the trial court was adequate to support its decision. *Id.* Consequently, Appellants sole issue is overruled.

Accordingly, we must affirm the trial courts judgment.