In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-139 CV


____________________



IN THE INTEREST OF D.D.H., K.R.G., J.O.H., AND B.L.G.






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Cause No. 07-03-02773-CV, severed from 06-01-00942-CV






 MEMORANDUM OPINION


 This is a pro se appeal from a bench trial. The trial court terminated the parental
rights of John Garrett and Tina Marie Dailey, (1) and they appeal. We affirm.

 The trial court's termination order affects four children: D.D.H., K.R.G., J.O.H., and
B.L.G. While Garrett is the parent of one of the children, Dailey is the parent of all four. 
The trial court found, by clear and convincing evidence, that Garrett and Dailey "knowingly
placed or knowingly allowed the children to remain in conditions or surroundings which
endanger[ed] the physical or emotional well-being of the children; [and] engaged in conduct
or knowingly placed the children with persons who engaged in conduct which endanger[ed]
the physical or emotional well-being of the children[.]"

 The Texas Department of Family and Protective Services ("CPS") argues that the
appellants' brief presents no issues or arguments as required by the Rules of Appellate
Procedure and, consequently, presents nothing for our review. CPS is correct that the
appellants' brief contains no citations to authorities or the record as the rules of appellate
procedure require. See Tex. R. App. P. 38.1(h). 

 Instead, appellants' brief is primarily a recitation of alleged facts. The appellants
maintain that a CPS caseworker visited their home only once and that CPS made no
subsequent inspections. Appellants contend that they attended the required parenting and
anger management classes, that they complied with required random drug tests and failed
none of them, and that they "did everything" CPS asked them to do. They assert they do not
understand why all of their children were removed. Appellants seem to contend that the
termination of their parental rights was unfair. In such cases, the appellate rules allow us to
liberally construe the appellants' brief; consequently, we view their arguments as a complaint
that the evidence is insufficient to support the trial court's termination order, a claim raised
in their Points of Appeal. See Tex. R. App. P 38.9; see also Tex. Fam. Code Ann. §
263.405(i) (Vernon Supp. 2007).

 Here, the trial court filed findings of fact and conclusions of law in support of its
termination order, but the appellate record contains no reporter's record. Thus, the reviewing
court presumes "that sufficient evidence was introduced to support the trial court's findings
of fact and the judgment." Nelkin v. Panzer, 833 S.W.2d 267, 268 (Tex. App.-Houston [1st
Dist.] 1992, writ dism'd w.o.j.). 

 Further, the appellants had the burden to properly request and pay for the reporter's
record or, alternatively, to make arrangements to pay for it. See Tex. R. App. P. 35.3(b)(3);
Carter v. Carter, 225 S.W.3d 649, 651 (Tex. App.-El Paso 2006, no pet.). The appellants
failed to do so. On December 10, 2007, correspondence from this Court informed appellants
that the reporter's record had not been filed because the reporter's fee had not been paid. We
informed appellants that the appeal would be submitted on the clerk's record unless
appellants provided either (1) proof that they had made satisfactory arrangements to pay the
fee, or (2) a motion in compliance with Rule 10.5. See Tex. R. App. P. 10.5(b)(1) (Motions
to Extend Time). The appellants did neither. When no reporter's record is filed due to the
appellant's fault, the Rules direct us to address those issues that "do not require a reporter's
record for a decision." See Tex. R. App. P. 37.3(c).

 Even when we liberally interpret the appellants' brief, their sole challenge questions
the sufficiency of the evidence to support the trial court's decision to terminate their parental
rights. But, reviewing a challenge to the sufficiency of the evidence necessarily entails our
review of a reporter's record since without one, "we do not know what, if any, evidence was
presented to the trial court." In re Marriage of Spiegel, 6 S.W.3d 643, 646 (Tex.
App-Amarillo 1999, no pet.). We cannot determine the sufficiency of the evidence unless
we can review it. Thus, the presumption that the evidence is legally and factually sufficient
to support the trial court's order terminating the parental rights of Garrett and Dailey requires
that we overrule appellants' sole issue. See In re Guardianship of Berry, 105 S.W.3d 665,
666-67 (Tex. App.-Beaumont 2003, no pet.) (citing Interest of L.C.H., 80 S.W.3d 689, 691
(Tex. App.-Fort Worth 2002, no pet.); In re Marriage of Spiegel, 6 S.W.3d at 646).

 Accordingly, we affirm the trial court's order terminating the parental rights of John
Garrett and Tina Marie Dailey.

 AFFIRMED.



 ____________________________

 HOLLIS HORTON

 Justice




Submitted on August 21, 2008

Opinion Delivered October 9, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Appellants requested indigent status on appeal. Subsequently, the trial court
conducted the hearing required by the Family Code. See Tex. Fam. Code Ann. § 263.405(e)
(Vernon Supp. 2008). The trial court found that neither Garrett nor Dailey was indigent.
After receiving the record of the indigence proceedings, we invited the parties to file briefs,
and neither party responded. After reviewing the record of the indigency hearing, we held
that the trial court did not abuse its discretion in ruling that each appellant was not indigent
for purposes of their respective requests for appointment of counsel and payment for the
appellate record. Accordingly, we affirmed the trial court's order sustaining the contest to
the appellants' affidavits of indigence. The trial court signed orders permitting appellants'
attorneys to withdraw as counsel, and we enrolled appellants as proceeding pro se.