

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-222-CV**


JAMES ARENETT ROUGHLEY                                    APPELLANT

V.

TEXAS TECH UNIVERSITY                                        APPELLEE
HEALTH SCIENCES CENTER

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

This is an appeal from a dismissal for failure to file an expert report in a medical negligence case. We affirm.

Appellant James Arenett Roughley is incarcerated. He sued appellee Texas Tech University Health Sciences Center ("TTUHSC") in 2006, alleging that a physician's assistant employed by TTUHSC failed to provide adequate medical treatment of Roughley's chronic dermatitis, which Roughley claims was

---

[1] *See* Tex. R. App. P. 47.4.

aggravated by exposure to cleaning solutions. Roughley specifically claimed that the TTUHSC employee prescribed ineffective medication, failed to refer Roughley to a dermatologist, and failed to medically restrict Roughley from working with certain cleaning solutions.

In February 2008, TTUHSC filed a motion to dismiss based on Roughley's failure to timely serve an expert report as required by section 74.351 of the civil practice and remedies code.[2] Roughley argued in response that the causal connection between his injuries and chemical exposure is within the common knowledge of the average lay person and, therefore, he did not need to file an expert report.[3] The trial court granted the motion to dismiss, and this appeal followed.

We review a district court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion.[4] A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding

---

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. 74.351(a) (Vernon Supp. 2008).

[3] *See, e.g.*, *Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.—Fort Worth 2004, pet. denied) (noting that plaintiff may rely on *res ipsa loquitur* in medical malpractice case where "the nature of the alleged malpractice is plainly within the common knowledge of laymen, making expert testimony unnecessary").

[4] *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex. 2001).

rules or principles.[5] A trial court does not abuse its discretion simply because it may decide a matter within its discretion differently than an appellate court.[6]

Chapter 74 of the Texas Civil Practice and Remedies Code governs the adjudication of health care liability claims in Texas. Section 74.351(a) requires plaintiffs who bring health care liability claims to submit an expert report within 120 days of filing suit.[7] An expert report is defined as "a written report by an expert that provides a fair summary of the expert's opinions . . . regarding applicable standards of care, the manner in which the care rendered . . . failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed."[8]

In his first issue, Roughley argues that he should be excused from the requirement that he file an expert report because, he contends, the causal connection between his injuries and TTUHSC's alleged negligence is within the common knowledge of the lay person. We disagree.

---

[5] *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

[6] *See id.* at 242.

[7] *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

[8] *See id.* § 74.351(r)(6).

3

Generally, the issues of medical negligence and causation require expert testimony.[9] With regard to Roughley's claim that TTUHSC failed to refer him to a dermatologist or to prescribe proper medication, such matters clearly are not within the common knowledge of the lay person.[10] The average person does not prescribe medication or make medical referrals of the type Roughley claims.

Roughley's "common knowledge" argument is primarily focused on his contention that TTUHSC negligently failed to medically restrict his exposure to certain cleaning solutions. Roughley notes that the packaging for the solutions contained warning labels, which would alert a lay person to the dangers involved in using those chemicals. The relevant inquiry, however, in this medical negligence case is not whether a lay person would know that the cleaning solutions contain dangerous chemicals. The relevant inquiry is whether it was medically necessary to order a person with a certain type of skin

---

[9] *See Shelton*, 144 S.W.3d at 120.

[10] *See, e.g.*, *Ruiz v. Walgreen Co.*, 79 S.W.3d 235, 239–40 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding expert testimony needed in case where plaintiff alleged pharmacist substituted different medication than was prescribed; causal connection between alleged negligence and injury not within common knowledge of lay person).

condition to avoid certain cleaning solutions.[11] This is not a matter within the common knowledge of the lay person.[12]

Roughley was, therefore, required to provide an expert report with regard to this claim.[13] His failure to do so means that the trial court did not abuse its discretion in dismissing his action.[14] We overrule Roughley's first issue.

In his second issue, Roughley contests the trial court's denial of his requests for a temporary restraining order and a "preliminary prohibitory

---

[11] *See Shelton*, 144 S.W.3d at 121 (stating that relevant inquiry in case where plaintiff bases medical negligence claim on "suspicious sites" on mammogram is "whether the proper performance of cancer-diagnosing procedures is within the common knowledge of a layperson").

[12] *See id.* ("Medical decisions about performing and interpreting mammograms, sonograms, biopsies, and other diagnostic procedures require professional training and are not common knowledge.").

[13] *See Garcia v. Marichalar*, 198 S.W.3d 250, 255–57 (Tex. App.—San Antonio 2006, no pet.) (holding expert report required when sponge left in patient's body); *Hector v. Christus Health Gulf Coast*, 175 S.W.3d 832, 837–38 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding expert report required when patient fell from operating table while health care providers were rotating it).

[14] In both *Garcia* and *Hector*, the courts concluded that the plaintiff was required to timely serve an expert report even if the causal relationship between the alleged negligence and the injury is within the common knowledge of the lay person. *Garcia*, 198 S.W.3d at 255–56; *Hector*, 175 S.W.3d at 837–38; *see also Haddad v. Marroquin*, Nos. 13-07-00014-CV, 13-07-00109-CV, 2007 WL 2429183, at *4 (Tex. App.—Corpus Christi Aug. 29, 2007, pet. denied). Because we hold that Roughley's claims are not within the common knowledge of the average lay person, we do not reach this issue.

injunction," by which Roughley sought relief from work detail involving certain cleaning solutions, relief from allegedly negligent medical care, and expert medical treatment from an outside source. However, Roughley failed to include in the record any pleadings in which he made such requests or any document showing the trial court's ruling on the requests. Roughley attached some pleadings on this issue to his brief, but we may not consider matters that are not part of the appellate record.[15] Because the record is devoid of any matters showing a request and a ruling, there is nothing for us to review, and we, therefore, overrule Roughley's second issue.[16]

For the foregoing reasons, we affirm the trial court's dismissal order.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED: January 22, 2009

---

[15] *See Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.); *Ngyuen v. Intertex, Inc.*, 93 S.W.3d 288, 292–93 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

[16] *See Carter v. Carter*, 225 S.W.3d 649, 651 (Tex. App.—El Paso 2006, no pet.) (declaring that appellate court must affirm trial court judgment because, "[i]n the absence of a reporters record, we are simply unable to review the merits of Appellant[']s complaint").