COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DELIA MARTINEZ, | § | No. 08-08-00166-CV |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| GUSTAVO SILVA, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2006-5186) |
| | § | |

## MEMORANDUM OPINION

This appeal arises from an auto accident suit filed by Delia Martinez against Gustavo Silva. Following a zero verdict on damages, the court entered a take-nothing judgment. Martinez files this appeal *pro se*.

## DISCUSSION

On appeal Martinez argues that the trial court erred in admitting evidence. Martinez argues that "cases of precedence were mentioned and not presented to the court as hard evidence" and that "[p]rior records that did not pertain to the case at hand were presented as well." She argues that the defense "caus[ed] a bias in the trial and to the jury by misrepresentation of the facts of the case" and that defense counsel "ordered for the judge to exclude the [medical records] citing that there was not adequate time to review the evidence." This Court is unable to review Appellant's complaints because the Appellant has failed to provide the reporter's record.

While it is true that Martinez is a *pro se* appellant, this Court holds *pro se* parties to the same standard as licenced attorneys. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.–El Paso 2007, pet. struck). A *pro se* litigant is required to properly present his case on appeal, just as

he is required to do at the trial court. *Id.* All litigants must be held to the same standard because if we gave *pro se* litigants more leeway they would have an unfair advantage over those parties represented by counsel. *Id.* Therefore, Appellant's failure to provide the required reporter's record cannot be excused.

The trial record is essential in order for this Court to review Appellant's evidentiary challenges and to determine whether error was committed in admitting or excluding evidence. Ultimately, Appellant was responsible for furnishing this Court with a record supporting the issues on appeal. *Carter v. Carter*, 225 S.W.3d 649, 651 (Tex.App.–El Paso 2006, no pet.); *see also Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987). This Court must presume no error or abuse of discretion occurred in the absence of a record to review. *Carter*, 225 S.W.3d at 651.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

August 12, 2009

Before Chew, C.J., McClure, and Rivera, JJ.