

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00406-CV

EUGENE WATTS                                                                  APPELLANT

V.

FRANCIS SAURI NATHAN                                                         APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
## TRIAL COURT NO. 2013-006725-2

----------

## MEMORANDUM OPINION[1]

----------

On April 30, 2012, pro se appellant Eugene Watts sued appellee Francis Sauri Nathan in small claims court for theft of property. Nathan counterclaimed for trespass and prevailed.[2] Watts appealed to the county court at law for a trial

---

[1]*See* Tex. R. App. P. 47.4.

[2]Nathan added Watts's cohort Sean Miguel Mathis as a third-party defendant in small claims court, and the trial court's judgment was issued against both Watts and Mathis, jointly and severally. Although Watts purports to have

de novo. On November 17, 2014, the county court at law found for Nathan, awarding him judgment for $5,423.29, pre- and post-judgment interest, and $4,198.95 in attorney's fees, with a take-nothing judgment as to Watts. On December 17, 2014, Watts filed his notice of appeal to this court.

On February 4, 2015, we sent a letter to Watts stating that the court reporter had informed us that payment arrangements and designation had not been made. *See* Tex. R. App. P. 34.6(b)(1), 35.3(b)(2), (3). In the letter we warned Watts that he needed to make payment arrangements, make a designation, and provide this court with proof of payment and designation by February 17, 2015, or we would only consider and decide his appellate issues that did not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). Watts did not request a reporter's record or make any payment arrangements for it before he filed his brief on June 2, 2015. On June 3, 2015, Watts filed a "Motion to Extend Time to Provide Court Reporter's Record," which this court denied. *See id.*

---

filed his appellate brief on behalf of both himself and Mathis, Mathis did not file a notice of appeal, and—with certain exceptions not applicable here—a pro se party cannot represent another party. *See* Tex. R. Civ. P. 7; *see generally Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (stating that generally an individual must appear either in person or by an attorney although a nonlawyer is not precluded from performing the specific ministerial task of depositing cash with a clerk in lieu of a cost bond); *LaBeau v. GE Capital Retail Bank*, No. 02-12-00284-CV, 2013 WL 2339781, at *1–2 (Tex. App.—Fort Worth May 30, 2013, no pet.) (mem. op.) (holding trial court did not abuse its discretion by denying unverified motion for continuance filed for appellant by his nonlawyer wife on his behalf). Mathis is not a party to the appeal.

Watts never designated the portions of the trial to be included in a reporter's record, made no arrangements to pay for a reporter's record, and did not raise indigency as a basis for a free reporter's record.[3] *See* Tex. R. App. P. 20.1, 34.6(b), 35.3(b)(2), (3). Further, this was a bench trial, and Watts did not request findings of fact or conclusions of law, nor were any filed.[4] All five of Watts's issues require a reporter's record in order for this court to review them.[5]

---

[3]Watts indicated on his docketing statement in this court that he had not filed an affidavit of indigency in the trial court, he never filed an affidavit of indigency in this court, and he requested and paid for the clerk's record. Although the trial and appellate courts are jointly responsible for ensuring that the appellate record is filed, *see* Tex. R. App. P. 35.3(c), the appellant is still responsible for requesting and arranging to pay for the reporter's record. Tex. R. App. P. 34.6(b), 35.3(b); *Carter v. Carter*, 225 S.W.3d 649, 651 (Tex. App.— El Paso 2006, no pet.) (stating that duty to prepare reporter's record does not arise until appellant has properly requested and arranged to pay for record).

[4]In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011); *Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 79 (Tex. App.—Fort Worth 2010, no pet.). And when a reporter's record is not requested, we "imply all relevant facts necessary to support the judgment that are supported by evidence." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013); *see also Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998). We indulge every presumption in favor of the trial court's judgment. *Wood*, 331 S.W.3d at 79–80.

[5]Watts complains that the trial court erred by excluding evidence, but without a reporter's record, there is no way for this court to determine what was excluded, whether it was done improperly, and whether Watts preserved this complaint for our review. *See* Tex. R. App. P. 33.1, 33.2. He also contends that there is factually insufficient evidence to support the judgment, but we have no ability to review the evidence to determine its sufficiency without a reporter's record. Likewise, his complaints that the judgment was unfair, that perjury was committed, and that the judgment was "too complicated and made hastily" also

Because Watts has presented this court with nothing to review, we overrule his five issues and affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: GARDNER, MEIER, and SUDDERTH, JJ.

DELIVERED: September 17, 2015

---

require a reporter's record to establish a basis for reversible error. *See* Tex. R. App. P. 44.1.