

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00389-CR

**JOSE JESUS SANCHEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 09-00126-CRF-272

## MEMORANDUM  OPINION

Jose Jesus Sanchez appeals from his conviction for the offense of aggravated sexual assault of a child, which was enhanced pursuant to Penal Code Section 22.021(a)(2)(A)(ii & iii).  TEX. PEN. CODE ANN. § 22.021 (Vernon 2003).  Sanchez raises seven complaints on appeal:  (1) that the trial court erred by granting a challenge for cause by the State; (2) jury charge error; (3) error in the admission of evidence because it constituted impermissible hearsay; (4) error in the admission of evidence because it constituted improper opinion evidence; (5) the evidence was factually insufficient for the jury to have found that there was penetration; (6) the evidence was factually

insufficient for the jury to have found the enhancement allegations; and (7) ineffective assistance of counsel. Because we find no reversible error, we affirm the judgment of the trial court.

*Challenge for Cause*

Sanchez complains that the trial court erred by granting a challenge for cause by the State because a juror could not read and write the English language. One juror had circled a response on her juror card regarding juror qualifications regarding being able to read or write the English language. The potential juror was questioned by the State and defense regarding her understanding of English, whereby she indicated that she did understand English as spoken to her, did not speak it very well, did not understand the meaning of the word "consent," could only read English "a little," and that writing English was her greatest weakness between understanding, reading, or writing English.

*Standard of Review*

"A challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury." TEX. CODE CRIM. PROC. ANN. art. 35.16(a) (Vernon 2006). One of the grounds upon which a party may challenge a prospective juror for cause is that "the juror cannot read or write." *Id*. art. 35.16(a)(11). "[A] limited ability to read and write will not meet the literacy requirement for qualification as a juror." *Goodwin v. State*, 799 S.W.2d 719, 736 (Tex. Crim. App. 1990). Instead, the requirement contemplates that the prospective juror "can express his ideas in writing." *Id*. (*quoting Hernandez v. State*, 506 S.W.2d 884, 887 (Tex. Crim. App. 1974)).

When reviewing a trial court's decision to grant or deny a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the court's ruling. *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). We give great deference to the trial court's decision on a challenge for cause because the trial judge is in the best position to evaluate the prospective juror's demeanor and responses. *Saldano v. State*, 232 S.W.3d 77, 91 (Tex. Crim. App. 2007), *cert. denied*, 128 S. Ct. 1446, 170 L. Ed. 2d 278 (2008). Particular deference is given when the potential juror's answers are vacillating, unclear, or contradictory. *Feldman*, 71 S.W.3d at 744. The trial court's ruling on a challenge for cause will not be reversed absent a clear abuse of discretion. *Saldano*, 232 S.W.3d at 91. Based on the questioning of the juror as well as the trial court's statement that his bailiff had to speak to that juror in Spanish, we do not find that the trial court's decision was an abuse of discretion. We overrule issue one.

### Jury Charge

Sanchez complains that the trial court erred in the application paragraph as submitted to the jury regarding the enhancement allegations. It is undisputed that Sanchez did not object to the charge. Because there was no objection made to the charge by Sanchez, we must first determine whether the charge as submitted to the jury was erroneous and if so, we must then analyze this complaint utilizing the standard of *Almanza v. State*. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (*citing Olivas v. State*, 202 S.W.3d 137, 143-44 (Tex. Crim. App. 2006), *citing Almanza*, 686 S.W.2d 157 (Tex. Crim. App. 1985)). Under *Almanza*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza*, 686 S.W.2d at

In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d at 144. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

*Relevant Statutes*

Section 22.021(f) provides that the minimum term of imprisonment for a conviction for aggravated sexual assault is increased to twenty-five years if the victim is younger than fourteen years of age and the defendant committed the offense as described in section 22.021(a)(2)(A). TEX. PEN. CODE ANN. § 22.021(f) (Vernon 2003). Section 22.021(a)(2)(A)(ii & iii) provides in relevant part that the defendant must have:

> (ii) by acts or words places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person; [or]
> (iii) by acts or words occurring in the presence of the victim threatens to cause the death, serious bodily injury, or kidnapping of any person.

TEX. PEN. CODE ANN. § 22.021(a)(2)(A) (Vernon 2003).

*Application Paragraph*

> The application paragraph as submitted to the jury provides in relevant part that:

> [A]nd the defendant did then and there by acts or words threaten to cause or place J.C. in fear that death or serious bodily injury would be imminently inflicted on J.C., and such acts or words occurred in the presence of J.C. ...."

Sanchez contends that the application paragraph allows the jury to find that he could have threatened to place the complainant in fear that death or serious bodily injury would be imminently inflicted on her, which is contrary to the statute.

Assuming without deciding that the charge was erroneous, we must analyze the harm to determine if Sanchez was egregiously harmed by the error. The abstract portion of the charge contained a definition of the enhancement allegations that tracked the statute precisely. A review of the record in this case demonstrates that the state of the evidence, the argument of the parties, and the other relevant evidence was such that we cannot say that the error affected the very basis of Sanchez's case, deprived Sanchez of a valuable right, or vitally affected a defensive theory. Sanchez's entire strategy, including his argument, was that penetration either could not or did not occur and thus, the enhancement allegations were not relevant because they would not be reached if the jury determined that penetration did not occur. We overrule issue two.

*Admission of Evidence*

Sanchez complains in his third and fourth issues that the trial court abused its discretion in the admission of portions of a videotape statement of Sanchez. The videotape contained a dialogue between Sanchez and a law enforcement officer that contained statements by the law enforcement officer regarding what the complainant had said had taken place.

*Hearsay*

In issue three, Sanchez complains that the videotaped statement contained

impermissible hearsay regarding what the complainant had described. Specifically, Sanchez complains of the following exchanges:

(1) Officer: Yeah, why wouldn't she just stop at, "Well, he was trying to pull my legs apart and I peed on myself? Why wouldn't she just stop there? Instead, why would she go on and say that you put your penis in her, and why would she add that extra to it?

And:

(2) Officer: Buddy, I've seen little kids as soon as something happens to them they go run and tell an adult and I've seen kids that keep that deep down inside—until they're forty, fifty years old.

And:

(3) Officer: And you told her you would snap her neck if she told.
Sanchez: No
Officer: If she told
Sanchez: No sir, no
Officer: But why would she add that in there if it didn't happen?
Sanchez: Huh?
Officer: Why would she add that in there if it didn't happen?

And after another person came into the interrogation room:

(4) Officer: And my question to him was you know—why would she give us one story if, if the way that he said it went why wouldn't she say it like that? Why wouldn't she say, well, he took my pants down and he was gonna open my legs but I peed and he stopped. But she went on to say that he got on top of her. We're trying to wonder could that have been his finger, could that have been his penis, but he's saying he never stuck anything in there.
Sanchez: No sir.
Officer: But why would she say that?

*Analysis*

Regarding the second section about which Sanchez complains, his objection on appeal relating to hearsay does not match his objection to the trial court. Sanchez

complains to this Court in part that the statement constituted impermissible hearsay; however, his objection to the trial court was that it constituted an opinion or that it was inadmissible under rule 403. Therefore, that portion of Sanchez's issue is waived as to hearsay. TEX. R. APP. P. 33.1.

Assuming without deciding that the statements were improperly admitted, the admission of inadmissible evidence becomes harmless error if other evidence proving the same fact is properly admitted elsewhere or comes in elsewhere without objection. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). We conclude that error, if any, in admitting the statements on the video recording is harmless because the information contained on the recording is cumulative of testimony from the complainant as well as the SANE nurse practitioner regarding the incident in question. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (stating that "[a]n error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection").

Additionally, any harm was further reduced by a limiting instruction given by the trial court prior to the publication of the videotape and in the jury charge that stated that the law enforcement officer's statements were not offered for the truth of the matter asserted but to understand the context of the answers given by Sanchez. There is nothing in the record to indicate that the jury did not follow these instructions as presented to the jury. *Williams v. State*, 973 S.W.2d 479, 490 (Tex. Crim. App. 1996) (jury presumed to follow court's instructions as given in the charge). We overrule issue three.

*Opinion Testimony*

Sanchez complains that the trial court abused its discretion by admitting a portion of his videotaped interrogation that contained impermissible opinions as to the law enforcement officer's experience with child victims and the complainant's veracity made by the law enforcement officer who was conducting the interrogation pursuant to rule 701. Specifically, he complains of the following statements:

> (1) Officer: Buddy, I've seen little kids as soon as something happens to them they go run and tell an adult and I've seen kids that keep that deep down inside—until they're forty, fifty years old.
>
> And:
>
> (2) Officer: But remember when I told you before that is difficult for kids to ah—recall, if I told you to go in there and tell him a story it would be hard for you to go back and get the details about the event because they're kids. It would be hard for an adult but for kids, it's even ah—even more evident whenever that happens because you'll see those you know when, when someone asks them a question they're gonna be like ah—and they'll have to think back or they'll be like, I'm not sure, I don't know you, you'll catch them off guard.
> Sanchez: Uh-huh
> Officer: That whole time she was interviewed it was never a doubt what she was saying.

Sanchez contends that the comments by the law enforcement officer, especially his last statement, contained an opinion as to the complainant's veracity and was improperly admitted. The State contends that the last comment of the officer was not an opinion as to the complainant's veracity, but was stating that the complainant's version of the events had remained consistent.

However, Sanchez has provided no authority beyond a recitation of rules 701 and 702 of the Texas Rules of Evidence and a general reference to the standard of review for an abuse of discretion. While Sanchez complains that the statements were erroneous, citations to appropriate authorities are required in order to properly present that argument to this Court. Sanchez has failed to do so. Therefore, we find that this issue is inadequately briefed, and is waived. *See* TEX. R. APP. P. 38.1(h). We overrule issue four.

### *Factual Sufficiency*

Sanchez complains in issue five that the evidence was factually insufficient for the jury to have found that he penetrated the complainant. Sanchez complains in issue six that the evidence was factually insufficient for the jury to have found that he threatened the complainant with serious bodily injury or death or that he had put the complainant in fear of imminent serious bodily injury or death. We note that the headings in his brief before this Court state that Sanchez is complaining that the evidence was legally insufficient. However, in the argument, Sanchez states that there was some evidence of both of these elements, and other than listing the standard of review for legal sufficiency, does not argue that the evidence was legally insufficient. We, therefore, will consider only the factual sufficiency issue as argued by Sanchez in his brief on the merits to this Court.

### *Standard of Review*

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280

S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We ask whether the evidence supporting the conviction is so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414-15, 417.

Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the fact-finder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see Steadman*, 280 S.W.3d at 246. In determining whether the evidence is factually insufficient to support a conviction, it is not enough that we "harbor a subjective level of reasonable doubt to overturn [the] conviction," or that we would have decided the question differently than the jury or disagree with their resolution of a conflict in the evidence. *Watson*, 204 S.W.3d at 417. Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Our deference in this regard safeguards the defendant's right to a trial by jury. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008).

The existence of alternative reasonable hypotheses may be relevant to, but is not determinative in, a factual sufficiency review. *Wilson v. State*, 7 S.W.3d 136, 141 (Tex.

Crim. App. 1999). However, it is the jury that accepts or rejects reasonable equal competing theories of causation, and we may not find the evidence to be factually insufficient merely because there is an alternative reasonable hypothesis. *Steadman v. State*, 280 S.W.3d 242, 247 (Tex. Crim. App. 2009); *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001). We must have a "high level of skepticism about the jury's verdict" before we may reverse based on factual insufficiency. *Steadman*, 280 S.W.3d at 246-47.

*Penetration*

Sanchez complains that the evidence was factually insufficient for the jury to have found that he caused the penetration of the complainant's vagina because in his statement to law enforcement officers, he admitted only to attempting to sexually assault the complainant, there was no conclusive physical evidence of penetration, and that the testimony of the outcry witness and the complainant was vague and unspecific. In particular, Sanchez argues that the complainant's inability to respond to whether or not Sanchez had ejaculated supports a hypothesis that Sanchez did not penetrate her vagina.

The evidence before the trial court was that the complainant made an outcry that Sanchez had touched her and put his "thing in her," that the complainant told a sexual assault nurse examiner (SANE) that Sanchez had touched her in her private part, the complainant testified that Sanchez put his private part inside hers both on direct and cross-examination, that the SANE nurse practitioner found redness and vaginal discharge on the complainant which was consistent with sexual contact but was not

conclusive since the exam was performed approximately a month and a half after the incident, and that Sanchez admitted he took the complainant's shorts off of her after a night of drinking heavily and using cocaine. Sanchez's statements to police were that while he did remove the complainant's shorts and did attempt to sexually assault her, when she began urinating on herself, he stopped, ejaculated on the floor, cleaned it up with his shorts, and apologized to her but never penetrated her. The testimony of the complainant at the trial was almost entirely conducted by leading questions by the State, which Sanchez concedes is a legitimate method of questioning of a young child victim. Viewing the evidence in a neutral light, we cannot say that we have a "high level of skepticism about the jury's verdict." See *Steadman*, 280 S.W.3d at 246-47. We find that the evidence is factually sufficient for the jury to have determined that Sanchez penetrated the complainant.

### Threats or Fear of Imminent Serious Bodily Injury or Death

Sanchez also complains that the evidence was factually insufficient for the jury to have found that he either threatened the complainant with serious bodily injury or death or put her in fear of imminent serious bodily injury or death. *See* TEX. PEN. CODE ANN. § 22.021(a)(2)(A)(ii & iii) (Vernon 2003). The SANE nurse practitioner testified that the complainant told her that she was still afraid that Sanchez is going to kill her; that the complainant had ongoing physical symptoms such as tummy aches and pain when urinating; and that Sanchez had told the complainant he would either kill her or break her neck. The complainant stated in her testimony that Sanchez had threatened to hurt her, and that he had told her he was going to break her neck. However, the

complainant stated that Sanchez had apologized to her after it was over, which Sanchez contends is inconsistent with someone who made a threat. We find that because this case largely rests on the credibility and the demeanor of the witnesses, when we view the evidence in a neutral light, we cannot say that we have a "high level of skepticism about the jury's verdict." See *Steadman*, 280 S.W.3d at 246-47. We find that the evidence is factually sufficient for the jury to have determined that Sanchez threatened the complainant with serious bodily injury or death or put her in fear of immediate serious bodily injury, with the threat occurring in the complainant's presence. We overrule issues five and six.

*Ineffective Assistance of Counsel*

Sanchez complains in issue seven that he was denied effective assistance of counsel for several reasons. However, Sanchez orally raised this issue for the first time at the hearing on the timely filed motion for new trial. The hearing was conducted more than thirty days after the judgment. We will construe the new complaints raised in the motion for new trial hearing as an attempt to amend the motion for new trial. The State objected to the consideration of the issue of ineffective assistance of counsel on the basis that it was not raised within thirty days of the judgment. The State argues that rule 21.4 of the Rules of Appellate Procedure requires that any amended motion for new trial be filed within thirty days of the entry of the judgment or, upon their objection, the trial court cannot consider the allegations in the amended motion. *See* TEX. R. APP. P. 21.4; *see also State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007. We agree. However, the trial court did allow Sanchez to present evidence on his

claim of ineffective assistance of counsel at the hearing on the motion for new trial. Having determined that the trial court erred by considering this issue, we also may not consider the evidence adduced at that hearing for purposes of determining this complaint. *Moore*, 225 S.W.3d at 570. Nevertheless, it is well settled that the issue of ineffective assistance of counsel may be raised for the first time on appeal without the necessity of a motion for new trial. *See Robinson v. State*, 16 S.W.3d 808 (Tex. Crim. App. 2000). We, therefore, will consider Sanchez's claim and arguments presented to this Court that are not related to the evidence adduced at the motion for new trial hearing.

Sanchez complains that he received ineffective assistance of counsel because his trial counsel was unaware of the range of punishment for the offense until the day before trial and unaware that Sanchez was ineligible for probation if convicted.

*Standard of Review*

To prevail on an ineffective-assistance claim, Sanchez must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ex parte Ellis*, 233 S.W.3d 324, 330-31 (Tex. Crim. App. 2007). When making this determination, any constitutionally deficient acts or omissions will be considered in light of the totality of the evidence before the judge or jury. *Id.* at 331.

The record reflects that a pretrial hearing took place on the day before trial, at which time a discussion ensued regarding the terms of a plea bargain, which Sanchez had rejected. There were two charges listed in the indictment. The first was for aggravated sexual assault of a child, the second was for aggravated sexual assault of a child with the enhancement per section 22.021(a)(2)(A). Sanchez stated that he was aware that if he was convicted of the enhanced offense that he would be sentenced to a minimum of twenty-five years imprisonment with no possibility of parole.

The record also reflects that at some point during the voir dire examination by the State, the State determined that Sanchez would not be eligible for probation even if he was convicted of just the aggravated sexual assault without the enhancement. Further, because of this, the State made two different plea bargain offers at that time to Sanchez which included reduced charges, both of which Sanchez rejected on the record.

Even if we assume without deciding that Sanchez's trial counsel's performance meets the first prong of *Strickland*, we do not find, based on the record at the trial, that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different.

We find that Sanchez has waived this issue for purposes of appeal in part by failing to raise it timely before the trial court. *See* TEX. R. APP. P. 21.4 & 33.1. Further, by considering the record outside of the motion for new trial, we do not find that Sanchez has established that there is a reasonable probability that but for his trial counsel's deficiency, if any, the result would have been different. We overrule issue seven.

*Conclusion*

We find that the trial court did not abuse its discretion in granting the State's challenge for cause. We find that the trial court's error, if any, in the application paragraph of the jury charge did not rise to the level of egregious harm. We find that the complaints regarding the admission of evidence based on hearsay were harmless due to the admission of those statements without objection at other stages of the trial. We find that the complaints regarding the admission of impermissible opinion evidence was inadequately briefed. We find that the evidence was factually sufficient. We find that the untimely amendment to Sanchez's motion for new trial to add an allegation of ineffective assistance of counsel should not have been considered by the trial court after the State's objection. We find that Sanchez did not establish that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different as it relates to his claims based on the record at his trial. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed August 18, 2010
Do not publish
[CRPM]