COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ALEJANDRO HERNANDEZ,  §

      Appellant,  §

v.  §

    §

ALBERTO ENRIQUE HERNANDEZ
AND REYNALDO AARON MORALES,  §

      Appellees.  §

No. 08-19-00060-CV

Appeal from the

County Court at Law No. 7

of El Paso County, Texas

(TC# 2017-CCV01809)

## **O P I N I O N**

Counting our issued opinions as of this date, this is the fourth appeal Appellant, Alejandro Hernandez, has filed against Appellees, Alberto Enrique Hernandez and Reynaldo Aaron Morales, and the sixth overall appeal filed against various parties based on what Appellant contends was his wrongful removal from certain property in which he was a tenant. *See Hernandez v. Hernandez*, 596 S.W.3d 403 (Tex.App.—El Paso 2020, no pet.); *Hernandez v. Sommers*, No. 08-18-00045-CV, 2018 WL 1940362 (Tex.App.—El Paso Apr. 25, 2018, no pet.)(mem. op.); *Hernandez v. Hernandez*, 547 S.W.3d 898 (Tex.App.—El Paso 2018, pet. denied)(appeals filed by Appellant against Appellees); *see also Hernandez v. Sommers*, 587 S.W.3d 461 (Tex.App.—El Paso 2019, pet. denied); *Hernandez v. US Bank Trust, NA for LSF8 Master Participation Trust*, No. 08-16-

00290-CV, 2017 WL 1953291 (Tex.App.—El Paso May 11, 2017, no pet.)(mem. op.)(appeals filed against other parties based on same incident).

In this episode of the saga, Appellant filed a wrongful-removal claim in the El Paso Justice Court, received an unfavorable ruling, and appealed to the El Paso County Court at Law No. 7. The County Court granted summary judgment against his wrongful-removal claim – a claim he previously asserted in a separate lawsuit against Appellees based on the same facts and arguments as those made in this appeal – and awarded attorney's fees. In this appeal, Appellant challenges those rulings. Appellees argue to the contrary and also assert a cross-point on appeal requesting "attorney's fees and/or sanctions against Appellant" under Texas Rule of Appellate Procedure 45 only if this Court determines that we cannot uphold the County Court's awarded fees. *See* TEX.R.APP.P. 45 (providing that an appellate Court can award a prevailing party "just damages" if the Court determines that an appeal is frivolous).

We hold that Appellant failed to show the summary judgment was error where: (1) his appellate argument is unreviewable because it is based on a claim not raised in his original petition; (2) he failed to negate all grounds upon which the judgment could be upheld; and (3) his claim, newly argued claim on appeal, would not have established a genuine issue of material fact. However, we hold that the County Court erred by awarding attorney's fees in the absence of any authority alleged in Appellees' pleadings on which such fees could be upheld. Based on our holding on the attorney's-fees issue, we also hold that Appellant's appeal was not frivolous under Rule 45. Accordingly, we affirm the County Court's summary judgment but strike the attorney's fees award of $14,007.50 in the judgment.

## I. BACKGROUND

2

**A. The Core of Appellant's Litigation: Appellees Became Owners of Property from which Appellant had Previously been Evicted by a Bank that Foreclosed on it.**

Hernandez was a tenant of certain property (the Property) under a purported oral lease. U.S. Bank Trust foreclosed on the Property, and on February 2, 2017, Appellees placed a winning bid for the purchase of the Property in an online auction. Appellees executed a purchase agreement for the Property the next day. Under that agreement, U.S. Bank Trust was obligated to deliver a deed and convey title to Appellees upon completion of certain conditions to closing the transaction. On February 27, 2017, U.S. Bank Trust executed a special warranty deed, which was held in escrow until March 16, 2017, or the date of closing when Appellees received delivery of the deed. In the meantime, while the deed remained in escrow, U.S. Bank Trust had executed a writ of possession and took possession of the Property on March 13, 2017.

**B. Appellant Filed a Wrongful-Eviction Claim in the Justice Court and, Later, Appealed the Unfavorable Ruling to the County Court where the Court Granted Summary Judgment for Appellees and Awarded Attorney's Fees to Appellees.**

In the El Paso County Justice Court, Appellant filed an original petition alleging that Appellees improperly excluded him from the Property under Texas Property Code section 92.0081. Appellees responded with a motion for summary judgment arguing that there was no genuine issue of material fact that Appellant had no valid claim under Section 92.0081 because Appellees were not Appellant's landlord at the time a constable executed the writ of possession to evict Appellant from the Property. The Justice Court granted summary judgment in favor of Appellees, and Appellant appealed to the County Court at Law No. 7. Once Appellant's suit was in the County Court, Appellees filed an answer generally denying Appellant's allegations, asserting that collateral estoppel barred Appellant's claim, and requesting attorney's fees.

3

Subsequently, Appellees filed a motion for summary judgment asserting, as in the Justice Court, that: (1) there was no genuine issue of material fact that Appellant had no valid claim under Section 92.0081 because Appellees were never his landlord; and additionally (2) summary judgment should be granted on the basis of collateral estoppel. In the motion, Appellees also made a request for attorney's fees of $14,007.50 based on work already performed and for prospective attorney's fees between $8,000 and $12,000 based on any appeal. As the "equitable grounds" for such fees, Appellees asserted that the fees were "based on the attorney-fees-as-damages theory[,]" citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106 (Tex. 2009). In support of their contentions, Appellees attached numerous exhibits to their motion, including an affidavit for attorney's fees thoroughly explaining the necessity and reasonableness of such fees and itemizing the services that had been provided.

Appellant filed a response in which he argued that there was a genuine issue of material fact that Appellees owed him duties as landlords pursuant to the terms of their purchase agreement for the Property under Texas Property Code section 92.0081 and – as a newly advanced argument not alleged in his original petition – the "Protecting Tenants at Foreclosure Act of 2009" (the Act). Appellant further contended that collateral estoppel did not bar his lawsuit because "the Court of Appeals did not have before it a complete copy of the Purchase Agreement which [Appellees] provided [Appellant] for the first time on September 13, 2018[.]" Finally, Appellant argued that attorney's fees were not recoverable because: (1) "In this case, there is an absence of a contract or statute which provides for the recovery of attorney's fees;" and (2) "assuming attorney-fees-as-damages theory does exist, it does not apply here[.]"

After a hearing, the County Court entered an order granting Appellees' motion for

4

summary judgment and awarding attorney's fees in the amount of $14,007.50. Appellant subsequently filed his notice of appeal.

## II. ISSUES ON APPEAL

Appellant raises two issues on appeal. In his first issue, Appellant argues that the County Court erred in granting summary judgment against him. Specifically, he asserts that "Appellees' only basis for their motion for summary judgment in the trial court is that Appellant's claims are barred by collateral estoppel" and that collateral estoppel could not have applied. He contends that the doctrine was inapplicable because this Court was not previously presented with a complete copy of the purchase agreement in the records of our earlier opinions – due to, allegedly, Appellees' failure to provide it to him until he filed the instant case – and that he was therefore prevented from presenting his present argument based on the Act in his earlier appeals. In his second issue, Appellant argues that the County Court abused its discretion by awarding attorney's fees because "[i]n this case, there is an absence of a contract or statute which provides for the recovery of attorney's fees."

In response to Appellant's first issue, Appellees argue that summary judgment was proper where: (1) Appellant failed to show an issue of material fact that Appellees owed him any duties under the Property Code or the Act prior to taking possession of the property; and (2) collateral estoppel prevented Appellant from litigating the same issues that he litigated in two prior lawsuits filed against Appellees. And in response to Appellant's second issue, Appellees argue that: (1) attorney's fees were recoverable based on the equitable principles invoked in their motion for summary judgment; and (2) "Appellees invoked in the letter and spirit of their argument for attorney's fees presented in their Motion for Summary Judgment" a source for such fees under

5

Texas Civil Practice and Remedies Code section 10.002. Furthermore, Appellees assert a cross-point on appeal that, "[t]o the extent that this Court determines that the Trial Court did abuse its discretion in awarding Appellees $14,007.50 in attorney's fees," this Court should "award Appellees attorney's fees and/or sanctions against Appellant . . . under Texas Rule of Appellate Procedure 45."

## III. DISCUSSION

### A. Summary Judgment Standard of Review

We review grants of summary judgment *de novo*. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). A party moving for traditional summary judgment bears the burden of proving there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Lightning Oil*, 520 S.W.3d at 45. Thus, a defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing a traditional motion for summary judgment, we review the evidence in the light most favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts against the motion. *Lightning Oil*, 520 S.W.3d at 45.

It is fundamental that a motion for summary judgment must be supported by the pleadings on file, and the final judgment of the court must conform to those pleadings. *Houle v. Casillas*, 594 S.W.3d 524, 541 (Tex.App.—El Paso 2019, no pet.). Thus, a plaintiff's summary-judgment argument based on a claim that was not raised by a cause of action actually pleaded is not reviewable on appeal. *Id*. Similarly, we cannot affirm a summary judgment on a ground that was

not asserted in the motion itself. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[W]e hold that a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response."); *see also Henkel v. Norman*, 441 S.W.3d 249, 251 n.1 (Tex. 2014) ("They did not assert those matters in their motion for summary judgment so we do not consider them.").

**B. Whether the County Court Erred by Granting Summary Judgment**

*1. Appellant's Argument on Appeal that Collateral Estoppel Does not Apply Because He Raised a New Argument under the Act is Not Reviewable.*

In his first issue on appeal, Appellant argues solely that summary judgment was improper on the basis of collateral estoppel because, as he alleges, he newly raised an argument under the Act that he had not previously argued in his other lawsuits. But even though Appellant raised this argument in response to Appellees' motion for summary judgment, he never raised it as a claim in his original petition. Since Appellant had not raised in his pleadings the claim upon which his responsive summary-judgment argument was based, Appellant's first issue is simply unreviewable by this Court. *See Houle v. Casillas*, 594 S.W.3d 524, 541 (Tex.App.—El Paso 2019, no pet.).

Therefore, we would overrule his first issue presented for review for this reason alone. But we would also overrule his issue for the following two reasons discussed below.

*2. Appellant Failed to Show the County Court Erred where He Failed to Challenge a Possible Ground for Upholding Summary Judgment.*

When there are multiple grounds for summary judgment and the order does not specify the ground on which summary judgment was rendered, the appealing party must negate all grounds on appeal. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex.App.—Houston [1st Dist.] 2002, no pet.). If summary judgment may have been rendered, properly or improperly, on a ground not

7

challenged, the judgment must be affirmed. *Ellis*, 68 S.W.3d at 898; *Hollow v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.—Dallas 1992, writ denied).

In this case, Appellees argued two grounds for summary judgment: (1) there was no genuine issue of material fact that Appellant had no valid claim; and (2) collateral estoppel barred Appellant's claim. However, Appellant's only argument on appeal is that collateral estoppel could not have applied here, and he apparently labors under the misapprehension that collateral estoppel was the "only basis" on which the County Court could have granted summary judgment. On appeal, Appellant simply neglects to challenge the alternative ground in his brief to this Court, and we consequently must affirm the County Court's summary judgment based on this failure. *See Ellis*, 68 S.W.3d at 898; *Hollow*, 840 S.W.2d at 23.

Thus, we would overrule Appellant's first issue presented for review for this reason, as well. However, we ultimately overrule his issue for yet another reason, as explained below.

> *3. Even though it was not Raised in His Original Petition and was Responsive only to the Collateral-Estoppel Summary-Judgment Ground, Appellant's Argument Based on the Protecting Tenants at Foreclosure Act of 2009 Fails for the Same Reasons this Court Held in Our Prior Opinion Involving the Same Argument, Same Parties, and Same Facts.*

Even if we considered the sole argument Appellant raises against the County Court's grant of summary judgment, though contesting only the collateral-estoppel summary-judgment ground, this Court in a previous opinion rejected the same contention, namely, that Appellant was prevented from fully asserting his wrongful-eviction claim due to Appellees' failure to provide him a full copy of the purchase agreement and that the purchase agreement gave him rights under the Act. *See Hernandez*, 596 S.W.3d at 407-09.

In that prior opinion, we set forth the following portions of the purchase agreement on

8

which Hernandez relied for his third-party-beneficiary claim under the Act:

- The Close of Escrow is further subject to each of the following conditions precedent … the Title Insurance Company … shall have irrevocably committed to issue to Buyer an owner's policy of title Insurance covering the Property … subject to any and/or all of the following[:]

  … Rights of existing tenants and/or occupants of the Property, if any[.]

  …

- Buyer acknowledges that Buyer may be subject to the Protecting Tenant's [sic] at Foreclosure Act of 2009, set forth as Division A, Title VII of the Helping Families Save Their Homes Act of 2009 [Pub.L. 111-22, 123 Stat. 1623, S. 896, enacted May 20, 2009] (the 'Act') or state law, as applicable.

*Id*. at 408. Based on the facts addressed in that opinion, which are the exact same facts presented to us in this case, we held that nothing in those provisions, or in the purchase agreement as a whole, clearly and unequivocally expressed that the Appellees and the Bank – the buyers and seller under the purchase agreement – intended to secure a benefit to Appellant and entered into the agreement directly for any third party's benefit. *Id*. Thus, we rejected Appellant's argument that the agreement conferred third-party beneficiary status upon him, and we overruled his sole issue in that appeal. *Id*. at 408-09. For the reasons articulated in our prior opinion, we reject Appellant's attempt here to relitigate the same argument under the same facts, and we hold that such an argument failed to show that there was an issue of material fact to preclude summary judgment.

In addition to the two independent reasons given above for affirming summary judgment, we thus overrule Appellant's first issue presented for review for this reason, as well.[1]

---

[1] While we would naturally be inclined to use the findings in that prior opinion to hold here that collateral estoppel barred Appellant's complaint, the County Court granted summary judgment here on November 19, 2018, but the appealable order in that prior case was not entered until March 29, 2019. *See Hernandez*, 596 S.W.3d at 406. Thus, even though the appeal in that case was decided prior to our resolution of the appeal here, the application of collateral estoppel based on that prior case would have been unavailable to the trial court in this case based on the timing of the orders. *See Mendoza v. Bazan*, 574 S.W.3d 594, 605 (Tex.App.—El Paso 2019, pet. denied)(instructing that, in order to successfully raise a collateral estoppel defense, a party must show that the facts sought to be litigated in the

**B. Whether the County Court Erred by Awarding Attorney's Fees**

*1. Applicable Law*

"It has long been the rule in Texas that attorney's fees paid to prosecute or defend a lawsuit cannot be recovered in that suit absent a statute or contract that allows for their recovery." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009); *see also Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."). The rule is known as the American Rule. *Akin*, 299 S.W.3d at 120.

> *2. Attorney's Fees were not Allowable under the "Attorney's-fees-as-damages" Theory Alleged in Appellees' Motion for Summary Judgment, and this Court Cannot Affirm the Award under the Texas Civil Practice and Remedies Code because Appellees did not Assert that Any Ground under that Code in their Motion.*

In their motion for summary judgment, Appellees alleged that attorney's fees were recoverable under an "attorney's-fees-as-damages" theory, and they cited to *Akin* as support for such a theory. However, *Akin* and similar cases discussing the same principles provide no support for Appellees' theory. Rather, those cases allowed attorney's fees only as an element of damage and not as an independent vehicle to obtain fees for defense of a groundless suit. *See e.g.*, *Akin*, 299 S.W.3d at 119 (attorney's fees incurred after a law firm mishandled the client's case were recoverable in a *later* filed legal malpractice action); *Nationwide Mut. Ins. Co. v. Holmes*, 842 S.W.2d 335, 342 (Tex.App.—San Antonio 1992, writ denied)(allowing in a later filed DTPA suit

---

subsequent action were fully and fairly litigated in the prior action). Furthermore, neither of our two prior opinions cited by Appellees for their collateral estoppel argument addressed the particular argument made by Appellant under the Act. *See Hernandez*, 547 S.W.3d 898; *Hernandez*, 2017 WL 1953291. Among other reasons, those prior opinions thus would not support a collateral-estoppel bar, as opposed to a possible res-judicata bar. *See Mendoza*, 574 S.W.3d at 605 (instructing that collateral estoppel requires a showing that the facts sought to be litigated in the subsequent action were essential to the judgment in the prior action and contrasting the collateral-estoppel bar with that of res judicata where a party may bar a subsequent action based on claims that "could have been raised" in the prior action).

the recovery of attorney's fees incurred by policy holder after an insurance company failed to properly settle a claim). That is not the situation in this case where – in this same suit – Appellees seek to recover the attorney's fees they expended to defend this suit. Therefore, the County Court could not have awarded fees on that ground.

Nonetheless, Appellees argue in this appeal that their motion for summary judgment sufficiently invoked the "letter and spirit" of the groundless litigation provisions from the Texas Civil and Practice Remedies Code. Indeed, Chapter 10 of that Code provides a procedure and standards for awarding attorney's fees when a party pursues litigation for an improper purpose or that lacks legal or factual support. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 10.001, 10.002; *see also Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 362 (Tex. 2014). But despite the availability of this potentially meritorious ground for attorney's fees, Appellees failed to invoke these statutory provisions by failing to make any citation to them in their motion for summary judgment. Thus, the County Court could not have awarded fees on this ground either. *See Stiles*, 867 S.W.2d at 26; *Henkel*, 441 S.W.3d at 251 (cases instructing that summary judgment cannot be affirmed on grounds not expressly set out in the motion or response).

Having rejected the two grounds advanced in this appeal to defend the County Court's award of attorney's fees, we hold that the award of attorney's fees was error where it was not supported by a statute or contract. *See Akin*, 299 S.W.3d at 120; *Chapa*, 212 S.W.3d at 310-11. Therefore, we sustain Appellant's second issue presented for review and strike the attorney's fees award of $14,007.50 in the judgment.

### C. Point on Cross-Appeal: Whether this Court should award Damages under Rule 45 Only if the County Court's Attorney's-Fee Award is Reversed.

In one point on cross-appeal, Appellees ask this Court to award damages under Texas Rule

of Appellate Procedure 45 "[t]o the extent that this Court determines that the Trial Court did abuse its discretion in awarding Appellees $14,007.50 in attorney's fees[.]"

Rule 45 provides for the award of "just damages" on appeal as follows:

> If the court of appeals determines that an appeal is frivolous, it may--on motion of any party or on its own initiative, after notice and a reasonable opportunity for response--award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX.R.APP.P. 45. Under that rule, and after considering the record, briefs, and other papers filed in this Court, we may award a prevailing party "just damages" if we objectively determine that an appeal is frivolous. TEX.R.APP.P. 45; *see also Ortiz v. St. Teresa Nursing and Rehab. Ctr., LLC*, 579 S.W.3d 696, 708-09 (Tex.App.—El Paso 2019, pet. denied); *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212-13 (Tex.App.—El Paso 2001, no pet.). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed. *Smith v. Brown*, 51 S.W.3d 376, 380-81 (Tex.App.—Houston [1st Dist.] 2001, pet. denied); *Am. Paging of Tex. v. El Paso Paging, Inc.*, 9 S.W.3d 237, 240 (Tex.App.—El Paso 1999, pet. denied).

Here, Appellant's first issue on appeal challenging the County Court's summary judgment is frivolous where he: (1) rested his appellate issue on a claim he never pleaded; (2) failed to challenge each ground raised in the summary judgment motion; and (3) raised, once again, an argument that was addressed in our prior opinion. Given those realities, no reasonable advocate would conclude the judgment below on the merits could be reversed. *See Smith*, 51 S.W.3d at 380-81; *El Paso Paging, Inc.*, 9 S.W.3d at 240. Yet, we have sustained Appellant's second issue on appeal, and his second issue is thus not frivolous. Consequently, we decline to invoke Rule 45 here and overrule Appellees' sole point on cross-appeal.

## IV. CONCLUSION

We affirm the trial court's judgment but strike the attorney's fees award of $14,007.50 in the judgment.

November 4, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

13